22042

The STATE, Respondent, v. Gregory Allen WALLER, Appellant.

(312 S. E. (2d) 552)

Supreme Court

*Public Defender William Edward Mullineaux, Appellate Defender John L. Sweeny, Asst. Appellate Defender Daniel T. Stacey,* both of S. C. Office of Appellate Defense, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

February 14, 1984.

GREGORY, Justice:

Appellant Gregory Allen Waller was convicted of housebreaking and grand larceny and sentenced to five years' imprisonment. Waller appeals his grand larceny conviction. The issue on appeal is whether the larceny of property from different owners at the same time and at the same place constitutes one or several larcenies. We affirm.

Waller forcibly entered an apartment occupied by three roommates and took property belonging to each. The property was never recovered. At trial, each roommate estimated the value of the items taken. Waller concedes the aggregate value of the property exceeded Two Hundred ($200.00) Dollars, the statutory minimum to sustain a conviction of grand larceny. *See* S. C. Code Ann. § 16-13-30 (Cum. Supp. 1982). However, Waller argues the value of property taken from more than one owner cannot be aggregated so as to sustain a conviction of grand larceny should the value of property taken from each owner be less than Two Hundred ($200.00) Dollars, and he argues the testimony presented at trial is insufficient to show the value of property taken from any of the three roommates equals Two Hundred ($200.00) Dollars.[1]

South Carolina has been described as having an intermediate doctrine which leans toward the minority view of treating such offenses as separate offenses but without adopting the minority view in unqualified terms. *See* Annot., 28 A. L. R. (2d) 1182, 1189 (1953).

*State v. Thurston,* 27 S. C. L. (2 McMul.) 382 (1842) and *State v. Holland,* 39 S. C. L. (5 Rich.) 512 (1852) suggest a prosecutor in this situation may elect to prosecute for one larceny or for several larcenies. Thus, the State could properly aggregate the value of property taken from different owners and prosecute an accused for one larceny rather than several. We therefore affirm Waller's conviction for grand larceny.

The vast majority of cases considering this issue hold that the larceny of property from different owners at the same time and place constitutes one larceny. *See* Annot., 37 A. L. R. (2d) 1407, 1410 (1971). With but one exception, all jurisdictions which formerly allowed election by the prosecutor now follow the single larceny rule.

Henceforth, the larceny of property from different owners at the same time and at the same place shall be prosecuted only as a single larceny.

---

[1] However, we are satisfied the evidence presented at trial was sufficient to permit a jury to conclude that the value of the property taken from one of the roommates did exceed Two Hundred ($200.00) Dollars.

We affirm the appellant's conviction and sentence for grand larceny.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.