# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Ronald Nathaniel Gilmore

July 7, 1993

Case Nos. F–93–1256, 1257, and 1303

BY JUDGE ROBERT L. HARRIS, SR.

It is alleged that on February 25, 1993, the Defendant broke into a dwelling with the intent to commit larceny and did, in fact, steal an unspecified amount of currency belonging to a Tony Hill along with property or currency with a value greater than $200.00 belonging to an Ida Daniel. From these acts arose indictments for statutory burglary, felony petit larceny, and grand larceny. The defendant has filed a motion asking that the indictment for felony petit larceny be quashed since, it is argued, the items were all taken in a single act and, therefore, constituted just one act of larceny.

The decision in this case turns on the applicability, in Virginia, of what has been called the "single larceny rule."

> The single larceny rule provides that "the taking of property belonging to different owners at the same time and place constitutes but one larceny." The rule is limited to situations in which the prosecution has not proved separate intents to steal and sufficiently different acts of conduct to constitute separate offenses.

*Martin v. State*, 797 P.2d 1209, 1210 (Alaska Ct. App. 1990) (quoting *Nelson v. State*, 628 P.2d 884, 896, n. 15 (Alaska 1981)); *see also, e.g., State v. Waller*, 312 S.E.2d 552, 553 (S.C. 1984) ("The vast majority of cases considering this issue hold that the larceny of property from different owners at the same time and place constitutes one larceny. With but one exception, all jurisdictions which formerly allowed elec-

tion by the prosecutor now follow the single larceny rule.") (citing Annot. 37 A.L.R.3d 1407, 1410 (1971)).

Although Virginia has not specifically adopted the rule by name, the Defendant cites *Alexander v. Commonwealth*, 90 Va. 809, 20 S.E. 782 (1894), for the proposition that Virginia adheres to the substance of that rule. In *Alexander*, the defendant was charged in one count with stealing, apparently at the same time, goods and chattels belonging to two different individuals. Following his conviction, he argued that the indictment was defective because two separate acts of larceny were combined into one with the resulting aggregate value increasing the crime to a felony. The court rejected this argument.

> The authorities are abundant in support of the contention of the attorney-general that where several articles of property are stolen at the same time and place, though the stolen goods belong to different persons, the stealing is regarded as one transaction and therefore as one offence, which may be charged in a single count.

*Id.* at 810, 20 S.E. at 782. Although the court uses the word "may," seemingly implying some prosecutorial choice, further explanation in the case suggests that "may" should be read as "shall."

> Lord Hale lays it down that if a thief at the same time steals goods of A to the value of six-pence, goods of B to the value of six-pence, and goods of C to the value of six-pence, being perchance in one bundle, or upon a table, or in one shop, this is grand larceny, at common law, *because it is one entire felony done at the same time*, though the persons had several properties, and therefore . . . in one indictment they make grand larceny.

*Id.*, 20 S.E. at 783 (emphasis added).

The converse of this rule is stated in *West v. Commonwealth*, 125 Va. 747, 99 S.E. 654 (1919).

> Broadly stated, the general rule is that the taking of property at different times, though from the same place and the same owner, will constitute separate offenses; and no aggregation of successive petit larcenies, not constituting parts of a continuous transaction, but each complete and distinct in itself, can

be combined in one prosecution so as to make a case of grand larceny.

*Id.* at 754, 99 S.E. at 656. Hence, the critical consideration is neither the number of items taken nor their ownership, but the number of *acts* involved. *See Alexander*, 90 Va. at 810, 20 S.E. at 783 ("[W]hether . . . the indictment is double depends upon whether it charges more than one larceny, or taking, and not on the number of articles taken, nor their ownership.").

The focus on *acts* results in larceny charges being treated differently than robbery charges. One individual could commit multiple robbery offenses at the same time since separate acts of forceful taking would be required against the individuals from whom the property is taken. *See, e.g., Jordan v. Commonwealth*, 2 Va. App. 590, 596, 347 S.E.2d 152, 156 (1986) ("Because the essential character of . . . robbery is violence against a person for the purpose of theft, we hold that the appropriate 'unit of prosecution' is determined by the number of persons from whose possession property is taken separately by force or intimidation.") (citation omitted).

The Commonwealth argues either that Virginia, as was once the case in some other jurisdictions, still allows the state to make an election as to whether crimes such as that involved in this case are charged as single or multiple larcenies, or that the facts of the instant case establish that separate acts were involved in the two charged larcenies. The Court is aware of no Virginia cases specifically allowing the election urged by the Commonwealth, and, indeed, were such the case in Virginia, it would apparently place Virginia in a minority of two states allowing such an election. *See*, Daniel H. White, *Single or Separate Larceny Predicated Upon Stealing Property from Different Owners at the Same Time*, 37 A.L.R.3d 1407, 1410 & n. 11 (1971) (stating that, apparently, only Nevada still allows the state to elect between single and multiple larceny charges). Accordingly, the court must determine if the larcenies charged in this case involved separate acts.

In *Martin v. Commonwealth*, 221 Va. 720, 273 S.E.2d 778 (1981), the defendant, using a shotgun, took cash from a gas station attendant and then moved inside the gas station, accompanied by the attendant, who was forced to unlock a refrigerator, removing and giving to the defendant additional cash belonging to the station owner. *See id.* at 722, 273 S.E.2d at 779. The defendant was charged with robbery and petit larceny but argued, following his conviction on both counts, that

the petit larceny charge was subsumed into the robbery indictment as a lesser included offense. In essence, his argument characterized the taking from the attendant and the taking from the refrigerator as constituting a single act of petit larceny. *See id.* at 723, 273 S.E.2d at 780. The court rejected his characterization, finding that these were two "separate and distinct acts of caption and asportation," *Id.* at 726, 273 S.E.2d at 782.

On its face, the separateness of a taking just outside a building from an immediately subsequent taking just inside the same building could suggest that takings from separate rooms within a building would also constitute separate takings. However, it was not the geographic relationship which dictated the result in *Martin*. The fact that one of the takings was accomplished by robbery and the other was not allowed the court to define the limits and separateness of each act. "The robbery outside the station was complete, and the theft underlying that offense ended the moment the defendant picked up the money Griffin had dropped. The larceny inside the station . . . began and ended with the removal from the refrigerator of the money concealed therein." *Id.* at 726, 273 S.E.2d at 782; *see also, Jones v. Commonwealth*, 218 Va. 757, 761, 240 S.E.2d 658, 660 (1978) (robbery of a motel clerk inside the motel and subsequent theft of motel courtesy car supported separate indictments for robbery of clerk and grand larceny of vehicle). In the case at bar, the taking of the items from the same dwelling, at the same time, constituted one act of larceny and the Defendant can only be convicted of that one larceny, whether petit or grand. In both *Martin* and *Jones*, the fact that one of the two takings involved was accomplished by a separate violent act constituting robbery allowed the takings effectively to be divided. The mere fact that, in this case, the act of taking required entering and leaving separate rooms within a single dwelling, is insufficient to allow a similar division. *Compare, e.g., State v. Brown*, 830 P.2d 183, 185–86 (N.M. 1992) (items owned by separate owners taken from different rooms in an apartment at generally the same time created one act of larceny) *with Hall v. State*, 66 So. 2d 803, 804 (Fla. 1953) (cattle belonging to two separate owners taken from separate pastures in the same vicinity, on the same night, in the same truck, constituted separate larcenies). Accordingly, the Court has entered an Order requiring the Commonwealth to elect upon which of the two larceny indictments it will proceed.