# Richmond.

## ALEXANDER V. COMMONWEALTH.

### DECEMBER 20th, 1894.

#### Absent, Lacy and Fauntleroy, JJ.

1. CRIMINAL PROCEEDINGS—*Joinder of offences.*—Where several articles are stolen at one time and place, the stealing is regarded as one transaction and may be charged in a single count, though the articles belong to different persons.
2. IDEM—*Not a felony.*—Where at the trial of an indictment for larceny the evidence shows that the aggregate value of the property stolen was less than fifty dollars, a conviction for a felony is erroneous.

Error to judgment of county court of Clarke county to which the judge of the circuit court of said county denied a writ of error, at the trial of an indictment against one Alexander for larceny. The jury found a verdict of guilty and fixed the term of his imprisonment in the penitentiary at five years. Opinion states the case.

*Blackburn & Smith,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

Alexander, the plaintiff in error, was indicted in the county court of Clarke county for larceny. The indictment contains

a single count, and charges that the accused " on the 28th day of October, 1893, in the said county, two hogs of the value of $15 62 each, and two hogs ot the value of $10 each, the goods and chattels of J. Frank Galloway, and two hogs of the value of $15 each, the goods and chattels of Aaron Price, then and there being, feloniously did steal, take and carry away," etc. A motion by the prisoner to quash the indictment was overruled, and having been put upon his trial, he was found guilty, and sentenced, in accordance with the verdict, to five years' confinement in the penitentiary.

There are two assignments of error, viz.: (1) That the trial court erred in overruling the motion to quash the indictment; and (2) in afterwards overruling the motion for a new trial.

It is contended, in support of the first assignment, that the indictment is bad for duplicity, in that it charges in one count not only two offences, but offences of different grades, viz., a felony and a misdemeanor. But this is a mistaken view. The authorities are abundant in support of the contention of the attorney-general that where several articles of property are stolen at the same time and place, though the stolen goods belong to different persons, the stealing is regarded as one transaction, and, therefore, as one offence, which may be charged in a single count. Hence, whether in a case like the present, the indictment is double, depends upon whether it charges more than one larceny, or taking, and not on the number of articles taken, nor their ownership.

Lord Hale lays it down that if a thief at the same time steals goods of A to the value of six-pence, goods of B to the value of six-pence, and goods of C to the value of six-pence, being perchance in one bundle, or upon a table, or in one shop, this is grand larceny, at common law, because it is one entire felony done at the same time, though the persons had several properties, and therefore if in one indictment they make grand larceny. 1 Hale, P. C., 531.

In the 12th volume of the Am. & Eng. Encyclopædia of

Law (p. 825), where the subject is discussed and many of the cases are collected, it is said that while an indictment is bad for duplicity if it charges two or more offences in a single count, it is not duplicity to charge in one count the larceny of the goods of several different owners taken at the same time, though the value and owner of each article must be specifically set forth.

So, in conformity with this rule, it was said in *Sprouse's Case*, 81 Va., 374, that a man may be indicted in one count for the battery of two or more persons at the same time, or for a libel upon two or more persons when the publication is one single act. And in *Early's Case*, 86 Va., 921, it was recognized as an established rule of pleading, as well in criminal as civil cases, that no matters, however multifarious, will operate to make a pleading double, that together constitute but one connected charge, or one transaction.

Now, in the present case the indictment charges a larceny of six hogs; four the property of one Galloway, the other two the property of one Price; and upon the face of the indictment it was all one united and continuous act, or one transaction, and, therefore, one offence, although the hogs alleged to have been stolen belonged to different persons; and the names of the owners and the value of the hogs, repectively, are specifically set forth. We are constrained, therefore, to hold that the indictment is good, and that the motion to quash on the ground of duplicity was rightly overruled.

But on the second point made in the petition for the writ of error, it is equally clear that the case is with the accused; that is to say that the motion for a new trial, on the ground that the verdict was not warranted by the evidence, ought to have been granted. The evidence, viewed in the most favorable light possible for the prosecution, cannot be fairly said to show the larceny of more than two of the six hogs mentioned in the indictment, and as the aggregate value of those two is less

than fifty dollars, the conviction of the accused of a felony cannot be sustained.

The judgment must, therefore, be reversed, and the case remanded for a new trial.

JUDGMENT REVERSED.