479 S.E.2d 87

**David Eric RICHARDSON, s/k/a David Howell, a/k/a David Richardson,**

v.

**COMMONWEALTH of Virginia.**

**Record No. 2312-95-2.**

Court of Appeals of Virginia,
Richmond.

Dec. 31, 1996.

Coleman, J., concurred in part and dissented in part and filed opinion.

**670**

Felipita Athanas, Richmond, for appellant.

Marla Graff Decker, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: COLEMAN and ELDER, JJ., and COLE, Senior Judge.

ELDER, Judge.

David Eric Richardson (appellant) appeals his convictions of two counts of grand larceny and two counts of felonious petit larceny. He contends that the evidence was insufficient to

sustain four separate larceny convictions. For the reasons that follow, we affirm.

## I.

## FACTS

On August 7, 1995, appellant was indicted on two counts of grand larceny and two counts of felonious petit larceny. At his trial, the evidence showed that on July 1, 1995 appellant entered the Medical College of Virginia (MCV) hospital complex and stole property belonging to four different employees. Appellant took two purses belonging to different employees from a nurses' station in the bone marrow transplant unit on the tenth floor of the North Hospital: one was atop a desk and the other was located approximately ten feet behind the desk and was concealed by a wall. Appellant also took a purse owned by a third employee from the burn unit on the second floor of the North Hospital; the purse was located in a filing cabinet. To reach this purse, appellant had to walk through one set of electronic doors, a vestibule area used for gowning, another set of electronic doors, past a nurses' station and into the room in which the filing cabinet was located. In addition, appellant stole a backpack, watch, and radio belonging to a fourth employee from the respiratory therapy department on the seventh floor of the West Hospital. The backpack and watch were located on a chair behind a corner and the radio was in a back room. The West Hospital is accessible from the North Hospital via a five-to-eight minute walk through two indoor catwalks. There was no evidence indicating either the order or time frame in which appellant took the items of the four employees.

At the conclusion of the Commonwealth's evidence, appellant's counsel moved to strike the evidence on the ground that the evidence proved only one act of larceny under the single larceny doctrine. The trial court denied appellant's motion, reasoning that each of appellant's thefts constituted a different act at a different time and place.

## II.

### INTENT TO COMMIT SEPARATE LARCENIES

The issue in this case is whether appellant's spree of thefts constituted one offense of larceny or four separate offenses. In Virginia, the guidepost to determine whether the larceny of multiple items by one person is one criminal offense or several has always been the intent of the thief. "A series of larcenous acts . . . may and will constitute, in contemplation of law, a single larceny, provided the several acts are done pursuant to a single impulse and in the execution of a general fraudulent scheme." *Jha v. Commonwealth*, 18 Va.App. 349, 354, 444 S.E.2d 258, 261 (1994) (citing *West v. Commonwealth*, 125 Va. 747, 754, 99 S.E. 654, 656 (1919)). Conversely, multiple unlawful takings constitute separate larcenies if the thief acted upon a separate intent or impulse for each theft. Finders of fact may not base their determination that a series of larcenous acts constituted one or several offenses of larceny solely on the amount and value of the separate articles taken, the time occupied in performance, and whether the stolen goods belonged to different persons. *West*, 125 Va. at 754, 99 S.E. at 656; *Alexander v. Commonwealth*, 90 Va. 809, 810, 20 S.E. 782, 782 (1894).

Although appellant cites the so-called "single larceny doctrine" in support of his position, this doctrine is merely a corollary to the general rule that the intent of the thief determines whether multiple unlawful takings constitute one or more offenses. The single larceny doctrine states that:

the taking of property belonging to different owners at the same time and place constitutes but one larceny, at least when it is one continuous act or transaction, or when actual control over the subjects of larceny is exercised simultaneously.

50 Am.Jur.2d *Larceny* § 7 (1995); Daniel H. White, *Single or Separate Larceny Predicated Upon Stealing Property from Different Owners at the Same Time*, 37 A.L.R.3d 1407, 1409–10 (1971); *Alexander*, 90 Va. at 810, 20 S.E. at 782. This

doctrine merely stands for the proposition that multiple thefts do not constitute separate offenses of larceny *solely* because the property stolen belonged to different owners. Instead, the intent of the thief determines whether the theft of property belonging to different owners constituted one offense of larceny or several. *Martin v. State*, 797 P.2d 1209, 1218 (Alaska.Ct.App.1990) (single larceny doctrine "is limited to situations in which the prosecution has not proved separate intents to steal and sufficiently different acts of conduct to constitute separate offenses"); *Hearn v. State*, 55 So.2d 559, 561 (Fla.1951) (multiple larcenies constitute one offense "when stolen under the same circumstances with the same intent").

 In addition, the single larceny doctrine suggests that the intent of the thief may be inferred from circumstantial evidence. The intent of a person accused of larceny can rarely be proved by direct evidence, and the Commonwealth may prove intent by circumstantial evidence. *Jones v. Commonwealth*, 3 Va.App. 295, 299, 349 S.E.2d 414, 417 (1986); *Webb v. Commonwealth*, 122 Va. 899, 904, 94 S.E. 773, 775 (1918). The intent of the wrongdoer "must be determined by the circumstances of each transaction." 50 Am.Jur.2d *Larceny* § 6; *Hearn v. State*, 55 So.2d at 560. The single larceny doctrine implies that a finder of fact may infer a thief's intent from the "time and place" of the unlawful takings and from the appearance, under the circumstances, that the thief's actions were "one continuous act or transaction." Ultimately, however

> [e]ach case necessarily [has] to be decided on its own facts, and a defendant [can] be convicted of separate thefts only if the evidence showed the offenses to be separate and distinct and not committed pursuant to one intention, one impulse, or one plan.

*State v. Stoops*, 4 Kan.App.2d 130, 603 P.2d 221, 229 (1979). Thus,

> [i]f, ... on the same expedition, there are several distinct larcenous takings, as the taking of the goods of one person at one place, and afterward the taking of the goods of

another person at another place, and so on, as many crimes are committed as there are several and distinct [intents to steal], and this is true although the thefts may all have been committed in rapid succession and in pursuance of a formed design to steal.

50 Am.Jur.2d *Larceny* § 7; *State v. Cabbell,* 252 N.W.2d 451, 453 (Iowa 1977).

We hold that the evidence in this case was sufficient to prove that appellant committed four separate larcenies. "When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom." *Traverso v. Commonwealth,* 6 Va.App. 172, 176, 366 S.E.2d 719, 721 (1988). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Martin v. Commonwealth,* 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987).

In this case, the evidence proved that each of appellant's thefts was motivated by a separate intent or impulse. Appellant stole three purses and a backpack, watch, and radio from four different locations within the MCV hospital complex. Two of the purses were located behind a nurses' station on the tenth floor of the north building and were separated from each other by a wall. The other purse was located on the second floor of the north building and required appellant to pass through two sets of doors and a vestibule and to open the drawers of a filing cabinet. The backpack, watch, and radio were located on the seventh floor of the west building. Although the order in which appellant committed the thefts is not apparent from the record, testimony did indicate that walking to and from the west and north buildings required passage through two catwalks and took approximately five-to-eight minutes.

From these facts, the trial court could have reasonably inferred that appellant had a separate intent for each theft. His actions indicate that he roamed the MCV complex and chose only personal items belonging to different employees. It is apparent from this type of spree that appellant must have known that each item of property belonged to a different employee as he approached to steal it. Under these circumstances, it is reasonable to infer that appellant "intended anew" or acted pursuant to a new impulse to unlawfully take the additional piece of property he encountered.

This case is conceptually similar to *State v. Maggard*, 160 Mo. 469, 61 S.W. 184 (1901). In *Maggard*, the defendant stole property from five individuals who had unhitched their wagons for the night in a wagon yard. *Id.* The court held that the thefts could not be aggregated into one larceny offense, reasoning that:

> where property belongs to different persons and is located at different places, as in the case at bar, each asportation with intent to steal constitutes a different offense, although the thefts may all have been committed in rapid succession, and in pursuance of a formal design to steal.

*Id.* at 469, 61 S.W. at 184–85.

Here, appellant stole personal property apparently belonging to different hospital employees. The property stolen was located at different places within a hospital complex. As in *Maggard*, the separate intent to steal could be inferred from each asportation. A different conclusion might be warranted if it was not apparent to appellant under the circumstances that he was taking property belonging to different owners. *See Hearn*, 55 So.2d at 560, 561 (cattle belonging to different owners but grazing in the same area when stolen were taken with the same intent); *compare Hall v. State*, 66 So.2d 863, 864 (Fla.1953) (theft of cattle belonging to different owners but located on different pastures constituted distinct larcenous takings).

In light of the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*

COLEMAN, Judge, concurring in part, and dissenting in part.

I concur with the majority that the evidence supports the finding that appellant's theft of a purse and its contents from the second floor burn unit of the North Hospital and the theft of a backpack, watch, and radio from the seventh floor respiratory therapy department of the West Hospital were separate larcenies. However, in my opinion, the evidence is insufficient to support the finding that the theft from the tenth floor nurses' station in the North Hospital of two purses and their contents, one taken from atop a desk and the other from behind a cabinet ten feet away, were separate larcenies. Accordingly, I dissent from the majority's affirmance of the felonious petit larceny conviction in Indictment F–95–2462.

In treating the theft of the two purses from the tenth floor as separate offenses, the trial judge convicted the defendant of grand larceny, for which he imposed a five year suspended penitentiary sentence, and felonious petit larceny, for which he imposed a fifty-month sentence to be served concurrently with the fifty-month sentence imposed for the other felonious petit larceny conviction in Indictment F–95–2461. I would hold that the felonious petit larceny conviction under Indictment F–95–2462 was subsumed by the grand larceny conviction under Indictment F–95–2373. Therefore, I would reverse the conviction and dismiss Indictment F–95–2462. However, because the trial judge may have taken into consideration the circumstances surrounding the theft of a second purse in determining the appropriate sentence or whether to suspend that sentence, I would vacate the sentence for the grand larceny conviction in Indictment F–95–2373 and would remand that conviction for resentencing. *See Woodward v. Commonwealth,* 16 Va.App. 672, 673, 432 S.E.2d 510, 511 (1993).

With one significant exception, I agree with the majority's construction of the legal principles which define the "single

larceny doctrine." As I understand the holding, the majority construes the "single larceny doctrine" to permit the fact finder to determine from the circumstances whether the thief had a single intent to steal multiple items or separate intents to commit a series of larcenies. The majority obviously bases this holding on the principle that intent to steal is a fact dependent upon the thief's state of mind, which must be determined in each instance from the circumstances and inferences reasonably deducible therefrom; therefore, the determination of intent is solely within the fact finder's domain.

In my opinion, there are situations, such as exist in this case, where the evidence is insufficient as a matter of law to support a finding or to permit the fact finder to conclude that the thief formed separate intents to steal separate items. As the majority observes, "a defendant [can] be convicted of separate thefts *only* if the evidence showed the offenses to be separate and distinct and not committed pursuant to one intention, one impulse, or one plan." *State v. Stoops*, 4 Kan.App.2d 130, 603 P.2d 221, 229 (1979) (emphasis added). Where the evidence merely shows the theft of more than one item at the same time and location and the facts do not support an inference that one theft was completed before the other was commenced, the fact finder is not permitted to speculate that the thief completed one larceny and then separately formed the intent to steal a second item.

In this case, the evidence does not show that the defendant went to the tenth floor nurses' station intending to steal a particular item and then, after doing so, observed and stole a separate item or that after stealing one purse he formed a separate intent to steal another purse. In my opinion, the only conclusion which can be reasonably drawn from the facts on this record is that the defendant went to the nurses' station intending to steal purses or other items of value and that he stole two purses during "one continuous act or transaction." *See* 50 Am.Jur.2d *Larceny* § 7 (1995).

The majority places great emphasis on the facts that the two purses at the nurses' station were ten feet apart, that one

was on a desk and the other behind a cabinet, and that apparently some type of wall separated the desk from the cabinet. In my opinion, these facts do not raise a factual issue as to whether the thief formed separate intents to steal. These facts support only the inference that the thief went to the nurses' station intending to steal purses or whatever items of value he could find and at that time stole two purses.

Our Supreme Court has explained the "single larceny" doctrine:

> Lord Hale lays it down that if a thief at the same time steals goods of A to the value of six-pence, goods of B to the value of six-pence, and goods of C to the value of six-pence, being perchance in one bundle, or upon one table, *or in one shop,* this is grand larceny, at common law, because it is one entire felony done at the same time, though the persons had several properties, and therefore, if in one indictment they make grand larceny.

*Alexander v. Commonwealth,* 90 Va. 809, 810, 20 S.E. 782, 783 (1894) (emphasis added). The Court later expounded on the doctrine:

> But a series of larcenous acts, regardless of the amount and value of the separate parcels or articles taken, and regardless of the time occupied in the performance, may and will constitute, in contemplation of law, a single larceny, provided the several acts are done pursuant to a single impulse and in execution of a general fraudulent scheme.

*West v. Commonwealth,* 125 Va. 747, 754, 99 S.E. 654, 656 (1919). Here, because no proven facts permitted the fact finder to infer that the defendant formed separate and distinct intents and, thus, completed separate and distinct larcenies at the tenth floor nurses' station, I would affirm the grand larceny conviction under Indictment F–95–2373 but would reverse and dismiss the felonious petit larceny conviction. I would vacate the sentence for the grand larceny conviction under Indictment F–95–2373 and remand that conviction for resentencing.