COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Baker, Benton, Coleman,
          Elder, Bray, Fitzpatrick and Overton
Argued at Richmond, Virginia


DAVID ERIC RICHARDSON, s/k/a DAVID HOWELL,
 a/k/a DAVID RICHARDSON
                                         OPINION BY
v.         Record No. 2312-95-2      JUDGE SAM W. COLEMAN III
                                       SEPTEMBER 2, 1997
COMMONWEALTH OF VIRGINIA


UPON REHEARING EN BANC

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                Thomas N. Nance, Judge

     Felipita Athanas for appellant.

     Marla Graff Decker, Assistant Attorney
     General (James S. Gilmore, III, Attorney
     General, on brief), for appellee.


     This criminal appeal involves the construction and
applicability of the "single larceny doctrine."  The issue is
whether the theft of two purses, which thefts occurred at or
about the same time and from the same room, was a single larceny
as a matter of law or whether the fact finder reasonably could
have determined that two larcenies had occurred.

     David Eric Richardson was convicted of two counts of grand
larceny and two counts of felonious petit larceny.  On appeal,
Richardson contends that he was guilty of only a single act of
larceny, not four separate larcenies.  A panel of this Court held
the evidence to be sufficient to prove that four separate
larcenies had occurred.  Richardson v. Commonwealth, 23 Va. App.
668, 479 S.E.2d 87 (1996).  We granted a rehearing en banc to

determine whether the theft of two of the purses from a hospital nurses' station was a single larceny or separate offenses.[1] Because the Commonwealth's evidence and the reasonable inferences that could be drawn therefrom failed to prove that the two thefts were separate and distinct offenses, we hold that the theft of the two purses was, as a matter of law, a single larceny. Thus, we affirm the grand larceny conviction arising from the nurses' station theft; reverse and dismiss the petit larceny charge, which is subsumed by the former; and remand the grand larceny conviction for purposes of reconsideration of sentence based upon the actions taken herein.

## BACKGROUND

On July 1, 1995, Richardson entered the Medical College of Virginia (MCV) hospital complex and stole three purses, a backpack, a watch, and a radio from three different locations within the complex. The stolen items belonged to four individuals and were stolen from three different floors or buildings within the complex. As is relevant to the thefts at issue, Richardson stole two purses that belonged to different employees. The purses were stolen from a nurses' station in the bone marrow transplant unit on the tenth floor of the North Hospital. One purse was located atop a desk and the other was

---

[1] The panel unanimously held that the two other thefts from separate buildings in the same complex were separate offenses, even though they were in furtherance of the defendant's general scheme to steal. Accordingly, we do not reconsider the panel's holding that those thefts were not part of a single larceny.

2

located behind a cabinet approximately ten feet from the desk. The desk and cabinet were separated by a wall containing a "tube system" that delivers items, such as blood products and pharmacy medications, to and from the tenth floor. The purse located behind the cabinet could not be seen from the desk without walking around the wall. Because the value of the contents of one of the stolen purses exceeded $200, Richardson was convicted of grand larceny. For the theft of the other purse, he was convicted of felonious petit larceny. The trial judge sentenced Richardson to serve five years in the penitentiary for the grand larceny conviction, which sentence the judge suspended, and to fifty months in jail for the felonious petit larceny conviction, to be served concurrently with a fifty-month sentence that was imposed for the other felonious petit larceny conviction resulting from the theft of a purse from another building in the MCV complex.

## ANALYSIS

Whether the larceny of multiple items at or about the same time from the same general location constitutes a single larceny or multiple offenses is an issue that most courts have addressed early in the development of their criminal jurisprudence. See Daniel H. White, Single or Separate Larceny Predicated Upon Stealing Property from Different Owners at the Same Time, 37 A.L.R.3d 1407, 1409-10 (1971); 50 Am. Jur. 2d Larceny §§ 6-9 (1995). The concept is commonly referred to as the "single

larceny doctrine."  The principles are easily stated and understood, but application of the doctrine becomes problematic when applied to the infinite variety of circumstances that can arise.  See, e.g., 37 A.L.R.3d at 1407 annot.; 50 Am. Jur. 2d at §§ 6-9 nn. 47-79.  Wharton's Criminal Law explains that a single larcenous taking of property, whether owned by one or several individuals, will be treated as a single criminal offense; conversely, if different articles are taken from different owners at different times, the thief has committed separate offenses. Charles E. Torcia, Wharton's Criminal Law §§ 346-47 (15th ed. 1995).

In Alexander v. Commonwealth, 90 Va. 809, 20 S.E. 782 (1894), our Supreme Court explained the "single larceny" doctrine:

> Lord Hale lays it down that if a thief at the same time steals goods of A to the value of six-pence, goods of B to the value of six-pence, and goods of C to the value of six-pence, being perchance in one bundle, or upon a table, or in one shop, this is grand larceny, at common law, because it is one entire felony done at the same time, though the persons had several properties, and therefore if in one indictment they make grand larceny.

Id. at 810, 20 S.E. at 783 (emphasis added).  The Court later expounded on the doctrine, stating:

> [A] series of larcenous acts, regardless of the amount and value of the separate parcels or articles taken, and regardless of the time occupied in the performance, may and will constitute, in contemplation of law, a single larceny, provided the several acts are done pursuant to a single impulse and in execution

4

of a general fraudulent scheme.

West v. Commonwealth, 125 Va. 747, 754, 99 S.E. 654, 656 (1919). The overriding principle behind the single larceny doctrine is to prevent the state from aggregating multiple criminal penalties for a single criminal act. Thus, in West the defendant could not be found guilty of separate larcenies for various items she stole from a trunk where the evidence failed to prove whether she had taken the items on one occasion or on separate occasions over a period of time. Where the application and enforcement of the criminal law is at issue, any ambiguity shall be resolved against the Commonwealth and in favor of the accused. See Bell v. United States, 349 U.S. 81, 83 (1955).

There is no litmus test that will determine whether a defendant's conduct constitutes a single crime or multiple crimes. When a prosecutor's policy is to charge as many offenses as possible, the inquiry takes on added significance. Is, for example, the drug trafficker who has ten packets of cocaine in his pocket guilty of one or ten counts of possession with the intent to distribute? Is the assailant who shoots his victim three times guilty of three malicious woundings or three attempts to murder or is that but one offense? As to larceny, is the person who successively carries three televisions from a store to his van guilty of three larcenies, but the thief who loads them from a dolly into his van guilty of but one offense? Is the thief who rifles through three drawers of a desk, stealing items

5

from each drawer, guilty of one crime or three?  If the thief is interrupted briefly after stealing from two drawers, but continues his thievery moments later, has he committed two crimes?  Is the thief who steals numerous items from various rooms of a person's home guilty of but one larceny, whereas a thief who steals the same items from different offices in the same business complex guilty of multiple larcenies?

In order for the single larceny doctrine to apply, the items stolen may, but do not have to, be part of the same bundle or parcel; it is sufficient if they be at the same location -- that is on the "same table," or same room, or "same shop," as Lord Hale first observed.  <u>Alexander</u>, 90 Va. at 810, 20 S.E. at 783. When the evidence supports a finding that the thefts were part of the same larcenous impulse or scheme and were part of a continuous act, a single larceny has occurred.  The primary factor to be considered is the intent of the thief and the question to be asked is whether the thefts, although occurring successively within a brief time frame, were part of one impulse.  The circumstances to be considered that will bear upon the issue are the location of the items stolen, the lapse of time between their taking, the general and specific intent of the thief, the number of owners, and whether intervening events occurred between the takings.  Unless the evidence proves that two or more separate and discrete thefts occurred at separate times which were not part of the same larcenous impulse, then thefts from the

6

same room are but a single larceny.

Although the taking of several items belonging to different persons from the same general area pursuant to the same larcenous impulse will constitute a single larceny, a series of thefts committed in rapid succession pursuant to a general scheme to steal from distinct locations, such as different shops, stores, or buildings, will constitute separate offenses. See, e.g., State v. Cabbell, 252 N.W.2d 451, 453 (Iowa 1977). For example, a series of thefts in which the thief shoplifts goods valued at less than $200 from several mall stores in succession, pursuant to a general scheme to shoplift, cannot be aggregated to form a single grand larceny; rather, the thefts are and must be prosecuted as a series of petit larcenies. A single, general scheme to commit a series of larcenies at different times and locations does not transform multiple separate and discrete crimes into a single offense.

As noted in footnote 1, the panel held in this case that Richardson's theft of the items from the several floors or separate buildings of the MCV complex, although accomplished pursuant to Richardson's single general scheme to steal, constituted separate larcenies because each was a separate and discrete offense and was not part of the same impulse or continuous larcenous act at the same location. We leave that holding undisturbed. However, the panel's decision as to those offenses serves to demonstrate that the controlling factor is not

7

that the evidence proves the thief had a general scheme or intent to steal, for example from various stores in a mall or various offices in a complex, but rather whether the thief was acting under the same impulse to steal at the time of both thefts. The evidence must be sufficient for the fact finder to conclude beyond a reasonable doubt that the thief formed separate and distinct intents or impulses to steal in order to constitute separate larcenies.

As for the theft of the two purses from the tenth floor nurses' station, the evidence was not sufficient to prove that Richardson formed separate and distinct intentions to steal or to commit two separate thefts even though the purses were separated by approximately ten feet. The theft of the two purses occurred at approximately the same time, from the same room or location, and pursuant to a single impulse or design to steal items from that nurses' station. The fact that the purses were separated by ten feet and that the thief had to walk around a wall from the desk to the cabinet are not circumstances that break the continuity of the thief's single and continuing act of thievery.

The fact finder could not reasonably infer from this evidence that Richardson left the station after stealing one purse and returned momentarily to steal the second purse, having formed a separate intent to steal or that a significant intervening event occurred after Richardson stole one purse, which led to the formation of a separate intent to steal the second purse. See

8

West, 125 Va. at 754, 99 S.E. at 656.  Thus, the evidence is insufficient to prove two separate and distinct offenses.  The only conclusion that a fact finder could reasonably draw from this record is that Richardson went to the tenth floor nurses' station intending to steal purses or other items of value and that he stole two purses during one continuous act or transaction.

Accordingly, we affirm the grand larceny conviction but reverse and dismiss the felonious petit larceny conviction, which was subsumed by the single larceny conviction.  Although the trial court sentenced the defendant to a five year suspended penitentiary sentence for the grand larceny conviction, we do not know whether the decision to suspend that sentence was, to any extent, based upon the trial court's having sentenced Richardson to a concurrent term of fifty months in jail for the felonious petit larceny conviction that we reverse and vacate.  Therefore, we remand the grand larceny conviction to the trial court for the sole purpose of determining whether our reversal of the felonious petit larceny conviction affects the trial court's decision to suspend the sentence for the grand larceny conviction.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.

Elder, J., with whom Overton, J., joins, dissenting.

I dissent for the reasons stated in the panel's majority opinion.  Richardson v. Commonwealth, 23 Va. App. 668, 479 S.E.2d 87 (1996).