COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Elder
Argued at Alexandria, Virginia


JOSE A. SAGASTUME
                                          OPINION BY
v.    Record No. 0802-97-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JUNE 2, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     James H. Chamblin, Judge

          Paul A. Maslakowski, Assistant Public
          Defender, for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.



     Jose A. Sagastume (appellant) was convicted in a jury trial
of statutory burglary, attempted rape, abduction with intent to
defile, and two counts of grand larceny. On appeal, he contends
the trial court erred in denying his motion to strike one of the
grand larceny convictions as required by the "single larceny
rule." Finding no error, we affirm.

                              I.

     "On appeal, we view the evidence in the light most favorable
to the Commonwealth and grant to it all reasonable inferences
therefrom." Barlow v. Commonwealth, 26 Va. App. 421, 428-29, 494
S.E.2d 901, 904 (1998). "The jury's verdict will not be set
aside unless it appears to be plainly wrong or without evidence
to support it." Watkins v. Commonwealth, 26 Va. App. 335, 348,
494 S.E.2d 859, 866 (1998).

In 1994, appellant worked odd jobs for Margareta and Thomas Blitz on their sixty-acre farm. After he left the Blitz's employment, appellant was arrested and incarcerated. On May 4, 1996, Mrs. Blitz noticed food and money missing from her home. On May 6, 1996, Mrs. Blitz learned that appellant had escaped from the Loudoun County jail. She called the police to report the thefts, but a search of the area was fruitless.

That afternoon, Mrs. Blitz was working in her garden when she was struck on the head from behind. She awoke shortly thereafter to find someone blindfolding her. The attacker took her at knifepoint to a wooded area about six hundred feet away. There, he tied her hands around a tree, undressed her, and attempted to have sexual intercourse with her. After redressing her, he tied her feet to another tree and began asking her questions about her husband and a key. The attacker took Mrs. Blitz's Seiko watch and a key to the carriage house from her pocket. He told Mrs. Blitz that he was going to the house to wait for her husband to return home.

After about twenty to thirty minutes, Mrs. Blitz freed herself and phoned police from a tenant house on the property. Officer David Domin arrived in twelve to fifteen minutes and observed Mrs. Blitz's blue Volvo pulling out of the driveway with the trunk open. The Volvo driver attempted to evade the approaching police cars by driving over the grass. When the car hit a tree and stopped, a man Domin identified as appellant

-2-

jumped out and fled.  The police pursued him on foot and took him into custody.

The police inventory of the Volvo contents revealed two rifles in a gun case, a kitchen style knife, a pair of blue trousers, a lady's style hat, cloth strips torn from a t-shirt, and a pair of tennis shoes.  In the pocket of the trousers, the police found a Casio watch, four bottles of fingernail polish, women's makeup, a gold bracelet valued at $4,700, a pair of earrings, a necklace with a pendant, two Seiko watches, the key to the carriage house, a New York City subway map, a pair of sunglasses, and a pair of rubber gloves.  In the trunk of the Volvo, the police found two backpacks which contained men's and women's clothing, a purse, and shoes.

Appellant was indicted for, inter alia, grand larceny of Mrs. Blitz's Volvo, grand larceny of firearms belonging to the Blitzes, and grand larceny of their personal property.  At the conclusion of the Commonwealth's case-in-chief, the trial court granted appellant's motion to strike the grand larceny charge distinguishing the firearms from the other personal property, but denied the motion with respect to the larceny of the Volvo.

The trial court ruled that separate larcenies may be charged "only if the evidence showed that the offenses were separate and distinct and not committed pursuant to one intention, one impulse or one plan."[1]  The court reasoned that "what occurred inside of

_____

[1]The trial court recessed to review the panel decision in Richardson v. Commonwealth, 23 Va. App. 668, 479 S.E.2d 87

–3–

the house . . . [was] all one offense," and the personal property

"might have been items . . . that he could sell to raise money.

With the automobile, however . . . the jury could conclude . . .

that he took it because he wanted to use it for transportation."

The trial court ruled as follows:

> [A]s to the items inside of the house that
> are alleged to have been taken, the evidence
> would be as only one continuous larceny
> event, but as to the Volvo, I cannot include
> that.  I think the jury has sufficient
> evidence upon which to find that the intent
> was separate and distinct.

The jury convicted appellant on both grand larceny charges,

and the trial court sentenced him to ten years imprisonment for

grand larceny of the Volvo and seven years for grand larceny of

the personal property.

II.

Appellant contends the evidence supports only one conviction

of larceny.  We disagree.

> It is a long established and fundamental principle that:
> where several articles of property are stolen
> at the same time and place, though the stolen
> goods belong to different persons, the
> stealing is regarded as one transaction, and,
> therefore, as one offense, which may be
> charged in a single count.

Alexander v. Commonwealth, 90 Va. 809, 810, 20 S.E. 782, 783

(1996).  At the time of trial on February 25, 1997, we had not
yet granted en banc review of that decision.  However, the trial
court's statement of the applicable law is consistent with this
Court's en banc holding in Richardson.  See 25 Va. App. 491, 489
S.E.2d 697 (1997) (en banc).

(1894). "The concept is commonly referred to as the 'single larceny doctrine.'" Richardson v. Commonwealth, 25 Va. App. 491, 495, 489 S.E.2d 697, 699 (1997) (en banc).

> Broadly stated, the general rule is that the taking of property at different times, though from the same place and the same owner, will constitute separate offenses; and no aggregation of successive petit larcenies, not constituting parts of a continuous transaction, but each complete and distinct in itself, can be combined in one prosecution so as to make a case of grand larceny.
>
> But a series of larcenous acts, regardless of the amount and value of the separate parcels or articles taken, and regardless of the time occupied in the performance, may and will constitute, in contemplation of law, a single larceny, provided the several acts are done pursuant to a single impulse and in execution of a general fraudulent scheme.

West v. Commonwealth, 125 Va. 747, 754, 99 S.E. 654, 656 (1919) (emphasis added). See Jha v. Commonwealth, 18 Va. App. 349, 354, 444 S.E.2d 258, 261 (1994) (aggregating the value of multiple calls made to "900" numbers by illegal use of a telephone line access device).

"[A]pplication of the doctrine becomes problematic when applied to the infinite variety of circumstances that can arise." Richardson, 25 Va. App. at 495, 489 S.E.2d at 699.

> The primary factor to be considered is the intent of the thief and the question to be asked is whether the thefts, although occurring successively within a brief time frame, were part of one impulse. The circumstances to be considered that will bear upon the issue are the location of the items stolen, the lapse of time between their taking, the general and specific intent of

the thief, the number of owners, and whether

> intervening events occurred between the
> takings.

Id. at 497, 489 S.E.2d at 700.

In Richardson, the theft of two purses from a nurses' station "occurred at approximately the same time, from the same room or location, and pursuant to a single impulse or design to steal items from that nurses' station." Id. at 498, 489 S.E.2d at 701. This Court held "[t]he only conclusion that a fact finder could reasonably draw from this record is that Richardson went to the tenth floor nurses' station intending to steal purses or other items of value and that he stole two purses during one continuous act or transaction." Id. at 499, 489 S.E.2d at 701.

The full Court in Richardson declined to reconsider the panel's unanimous holding that two thefts "from separate buildings in the same complex were separate offenses, even though they were in furtherance of the defendant's general scheme to steal." Richardson, 25 Va. App. at 494 n.1, 489 S.E.2d at 699 n.1. Consequently, thefts of purses and backpacks from different buildings within the Medical College of Virginia Hospital Complex were considered separate larcenies. See Richardson v. Commonwealth, 23 Va. App. 668, 479 S.E.2d 87 (1996), aff'd in part, 25 Va. App. 491, 489 S.E.2d 697 (1997).

In the instant case, the record indicated that the various larcenies of the watches, jewelry, and other personal property occurred inside the house, and the evidence supported the inference that the purpose of the thefts was to sell the items,

or possibly in the case of the rifles, to use them for protection. The jury could also have inferred that the larceny of the Volvo occurred at a later time, outside the home, and the intent evinced by this theft was to steal the car to transport appellant away from the scene of his crimes. Consequently, the jury could reasonably have concluded that, despite any "general scheme" on the part of appellant, "each [theft] was a separate and discrete offense and was not part of the same impulse or continuous larcenous act at the same location." Richardson, 25 Va. App. at 498, 489 S.E.2d at 701. The jury's verdict was supported by the evidence and was not plainly wrong. For the foregoing reasons, the convictions are affirmed.

Affirmed.