COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


HERMAN R. ATKINS, JR.

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1322-97-2             JUDGE MARVIN F. COLE
                                         JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                   Robert G. O'Hara, Jr., Judge

         Andrew E. Weaver (Traylor, Morris & Wornom,
         on brief), for appellant.

         Marla Graff Decker, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     The appellant, Herman R. Atkins, Jr., was convicted by a

jury of two counts of grand larceny in violation of Code

§ 18.2-95.  On appeal, he contends that (1) the taking of the

firearm was part of the same event and impulse as the taking of

the truck, making him guilty of only one larceny; and (2) the

trial court erred in refusing to instruct the jury on the single

larceny doctrine.  We affirm the convictions.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     So viewed, on the evening of November 9, 1996, Charles Clay

         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

parked his 1994 Chevy truck in his driveway in Greensville County. He left his .357 handgun lying on top of a blanket on the front passenger seat. The truck was unlocked, and Clay left the key in the ignition. Between 10:00 p.m. and 10:30 p.m., Clay heard the truck start and leave the driveway. He immediately telephoned the police and reported the vehicle as stolen.

At trial, appellant testified that on November 9, 1996, he had been drinking and smoking crack cocaine. He went into Clay's yard, found the key in the ignition and drove the truck to Lawrenceville. He testified that he did not intend to steal the truck but to use the truck to get to Lawrenceville in order to get more cocaine. He abandoned the truck in a driveway on Route 46.

Appellant testified that he did not see the gun until he parked the truck. He took the gun and put it "over on Grove Avenue." His intent was to "save it for another day to sell it for crack."

Appellant contends that the taking of the truck and the taking of the gun were part of one larcenous act and were the result of a single impulse. On that ground he contends that the charges of larceny of the gun and larceny of the truck should have been merged into a single count of grand larceny, or the larceny of the gun charge should have been dismissed as barred under the single larceny doctrine. The Commonwealth argued that, since appellant's intent relating to each offense was different,

each theft was a separate and distinct offense and not a part of the same impulse.  We agree with the Commonwealth.

In Richardson v. Commonwealth, 25 Va. App. 491, 489 S.E.2d 697 (1997) (en banc), we stated:

> In order for the single larceny doctrine to apply, the items stolen may, but do not have to, be part of the same bundle or parcel; it is sufficient if they be at the same location – that is on the "same table," or same room or "same shop," as Lord Hale first observed. Alexander [v. Commonwealth], 90 Va. [809] at 810, 20 S.E. [782] at 783 [(1894)].  When the evidence supports a finding that the thefts were part of the same larcenous impulse or scheme and were part of a continuous act, a single larceny has occurred.  The primary factor to be considered is the intent of the thief and the question to be asked is whether the thefts, although occurring successively within a brief time frame, were part of one impulse.  The circumstances to be considered that will bear upon the issue are the location of the items stolen, the lapse of time between their taking, the general and specific intent of the thief, the number of owners, and whether intervening events occurred between the takings. . . .

Id. at 497, 489 S.E.2d at 700.  Multiple unlawful takings constitute separate larcenies if the thief acted upon a separate intent or impulse for each theft.  See id.

Appellant acknowledged that stealing the truck was wrong. He testified that he did not intend to permanently take the truck, but only to use the truck to drive to Lawrenceville to purchase cocaine.  He admitted that he did not observe the gun in the truck until he arrived in Lawrenceville and was about to get out of the truck.  At that point, appellant took the gun, and hid

3

it in the woods, intending to sell it at a later time to purchase crack cocaine.

The evidence was sufficient to prove that appellant's theft of the truck and the later theft of the gun were separate and distinct offenses and were not committed pursuant to one scheme, one intent, one impulse or one plan. The evidence constitutes two separate larcenies. We hold that the trial judge did not err by refusing to dismiss one of the charges or by refusing to merge the charges. The evidence is insufficient to support the single larceny doctrine.

The appellant also contends that whether the single larceny doctrine applied was a question of fact for the jury to decide and the trial judge committed reversible error when he refused to grant an instruction on the single larceny theory. The Commonwealth responds that the evidence is insufficient to support the granting of the instruction requested.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "A defendant is entitled to have the jury instructed only on those theories of the case that are supported by the evidence." Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986). More than a scintilla of

4

evidence must be present to support an instruction.  Id.  When determining whether sufficient evidence warranted a particular instruction, we view the evidence in the light most favorable to the party offering the instruction.  See Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).

Appellant entered Clay's driveway and drove Clay's truck away without permission, according to his own testimony, intending to use the truck to drive to Lawrenceville to purchase cocaine.  He admitted he did not see the gun or notice that it was in the truck until he had arrived in Lawrenceville, some distance away, and parked the truck in a driveway of another person.  There he saw the gun, took possession of it and hid it, intending to sell it at a later time to purchase more cocaine.  Appellant never had a single plan or impulse to steal both the truck and the gun.  He had a separate impulse to steal the truck.  After the passage of considerable time and distance, and after stopping the truck to abandon it, he discovered the gun.  At this time, he formed the intent or impulse to steal the gun.  This constituted a separate and distinct grand larceny.  Since the evidence proved as a matter of law that appellant committed two separate larcenies, we find that the trial judge did not err in refusing to grant an instruction based upon the single larceny doctrine.

For the reasons stated, we affirm both convictions of grand larceny.

<u>Affirmed.</u>