## CIRCUIT COURT OF WARREN COUNTY

Commonwealth of Virginia

v.

Christine Ann Weatherholtz

November 18, 2002

Case Nos. CR02-427, CR02-428, CR02-429, CR02-430,
CR02-431, CR02-432, CR02-433

BY JUDGE DENNIS L. HUPP

The defendant, Christine Ann Weatherholtz, was indicted on seven felony counts. Specifically, she was charged with committing forgery on February 20, 2002, forgery and grand larceny on April 29, 2002, forgery and grand larceny on May 14, 2002, and forgery and grand larceny on May 29, 2002. While the larceny charges were brought under Virginia Code § 18.2-95, the arguments of counsel would suggest that each alleged larcenous act can be fairly described as larceny by false pretense.

The defendant has filed a pre-trial motion to dismiss two of the larceny charges, contending that the Commonwealth's case can show only one larceny and not three. While I believe that this issue would be better raised on a motion to strike at the conclusion of the Commonwealth's evidence, I will address it pretrial on the proffers of evidence and arguments of counsel.

As I understand those proffers of evidence, the defendant stole blank checks from one victim and thereafter forged four checks, each on a different date. Three of those checks were presented for payment at the Front Royal Credit Union, each on a different date corresponding with the date of the check. The cashing of each check whereby the defendant received money for the forged instrument is the basis of each larceny charge. As noted above, the defendant contends that these acts constituted one larceny under the "single larceny doctrine," and the Commonwealth contends that there were three distinct and separate larcenies.

The cases submitted by counsel are instructive and helpful. "A series of larcenous acts will be considered a single count of larceny if they 'are done pursuant to a single impulse and in execution of a general fraudulent scheme'." *Acey v. Commonwealth*, 29 Va. App. 240, 247, 511 S.E.2d 429 (1999), *citing West v. Commonwealth*, 125 Va. 747, 754, 99 S.E. 654 (1919). The following factors must be considered in determining whether there was one larceny or separate larcenies: (1) the location of the items taken, (2) the lapse of time between the takings, (3) the general and specific intent of the taker, (4) the number of owners of the items taken, and (5) whether intervening events occurred between the takings. *Acey*, 29 Va. App. at 247. The primary factor is the intent of the thief. *Richardson v. Commonwealth*, 25 Va. App. 491, 497, 489 S.E.2d 697 (1997).

"A single, general scheme to commit a series of larcenies at different times and locations does not transform multiple separate and discrete crimes into a single offense." 25 Va. App. at 498. Even though the larcenous acts may have been committed pursuant to a general scheme or intent to steal, the crucial inquiry is "whether the thief was acting under the same impulse to steal at the time of both thefts." *Id.*

In the present case, although the checks were taken at the same time, three checks were passed at different times albeit at the same location. A number of days elapsed between each uttering and, hence, between each larceny by false pretense. This does not suggest that the defendant was acting under the same "impulse," and I believe that these circumstances show three discrete larcenies. In *Richardson*, the full Court of Appeals approved of the panel's decision to consider thefts perpetrated by the same defendant on the same day but on different floors of MCV Hospital to be different larcenies, while ruling that the thefts of two purses at the same nurses' station constituted one larceny. The court specifically noted that the thefts on the other floors did not result from the same impulse to steal.

In *Millard v. Commonwealth*, 34 Va. App. 202, 539 S.E.2d 84 (2000), it is specifically held that larceny by false pretense is a type of larceny subject to the single larceny doctrine. In that case, cited by the defendant, the three checks were all uttered at the same time and place and one lump sum, representing the total of the three checks, was delivered to the thief by the bank teller who cashed the checks. In those circumstances, the court held that there was one larceny and not three. Our case is materially different in that the three checks were uttered at three different times each separated by a number of days. The defendant acted on three different "impulses to steal."

Please understand that nothing herein is a finding of guilt or reflective of any predisposition of the Court. The case will be decided by the trier of fact on

the evidence presented at trial. I have addressed the issue in the manner I have because it was presented to the Court pre-trial on a motion to dismiss counts of the indictment.

This case is set for trial on January 14, 2003.