COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


LUIS A. CAMPOS, S/K/A
  LUIS ANTONIO CAMPOS                            MEMORANDUM OPINION[*] BY
                                                 JUDGE ROBERT P. FRANK
v.      Record No. 1462-03-4                     OCTOBER 5, 2004

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF PAGE COUNTY
                            John J. McGrath, Jr., Judge

            S. Jane Chittom, Appellate Defender (Public Defender Commission,
            on briefs), for appellant.

            Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Luis A. Campos, appellant, was convicted in a bench trial of attempted grand larceny of a

vehicle in violation of Code §§ 18.2-95 and 18.2-26, and grand larceny of the contents of the

vehicle in violation of Code § 18.2-95.  On appeal, appellant does not contest the sufficiency of the

evidence, nor that he was the perpetrator.  He contends the trial court erred in finding him guilty of

both charges in violation of the "single larceny doctrine."  Finding this issue was not preserved

below, we affirm the two convictions.

                                        ANALYSIS

        The facts are not controverted.  Appellant was seen standing next to a Toyota Celica beating

on a window with a rock.  Appellant's companion broke the passenger's window and leaned into

the Toyota.  The companion was later seen taking a box of items from the Toyota to a green

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Chevrolet truck parked in front of the Toyota. Later, state police found items stolen from the Toyota in appellant's Chevrolet truck.

A state trooper inspected the Toyota and discovered the driver's window had been battered but not broken. The passenger window was shattered. The "face" of the radio and the "basic parts" of the radio had been removed. A number of other items had been stolen from the Toyota.

The same trooper also discovered a motorcycle key had been placed in the ignition. It was not the key to the Toyota and would not start the car. The Toyota's owner observed the key had been "jammed" into the ignition.

At the conclusion of the Commonwealth's case, appellant moved to strike the evidence as follows:

> I would suppose the Commonwealth was relying on the evidence about the key being in the ignition, to prove that there was an attempt to steal the vehicle. It sort of would make sense that they would have stopped . . . the individuals would have stopped breaking into the vehicle, used the key, and just driven away the vehicle, with everything else in it. And I think it is a violation of due process of law to prosecute Mr. Campos for having stolen some of the items, but one of the items, the vehicle itself, was not actually taken, and he is charged with attempted theft of that. I think, as I say it, it would be a violation of due process of law, to convict him on both of those.
>
> Obviously, someone stole items worth more than two hundred dollars, from the vehicle. But then to try to charge him with an additional count, or additional violation of law, attempt of grand larceny, I think that is a violation of his rights.
>
> &ast; &ast; &ast; &ast; &ast; &ast; &ast;
>
> That would be my argument. I think he should be acquitted on Count One [unlawfully climb in the vehicle of another person with the intent to commit larceny therein], and either Count Three [unlawfully and feloniously steal personal property belonging to another person which had a value of more than $200] or Count Four [unlawfully and feloniously attempt to steal a motor vehicle belonging to another person which had a value of more than $200]. I don't think it would be fair to convict him of both Count Three and Count Four. Thank you.

- 2 -

The Commonwealth argued, in part, as follows:

> But also the fact that they climb in the vehicle to steal a stereo system and stereo CDs well worth over two hundred dollars, which they weren't successful with, either one of those two intents would suffice. And I think it is not multiplicious to charge him with attempted grand theft auto, which wasn't successful, and then turn around and allege and prove that they are guilty of the larceny, the actual consummated larceny of the stereo system and other items.

On appeal, appellant contends that since he acted on a "single impulse" he should have been convicted of only one count of larceny under the "single larceny doctrine."

The Commonwealth contends this argument is procedurally defaulted under Rule 5A:18 since appellant argued the two convictions violated his due process rights. Appellant counters that even if his due process argument does not preserve the issue, the Commonwealth preserved the issue when it argued to the trial court that it was not "multiplicious" to charge appellant with the attempted larceny of the vehicle and grand larceny of the contents of the vehicle. Appellant concludes the Commonwealth's use of the term "multiplicious" put the trial court on notice that he was arguing the "single larceny doctrine." We disagree.

Rule 5A:18 promotes the correction of error at the trial level. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991). By its own terms, the rule mandates that objections must be "stated together with the grounds therefor." Rule 5A:18.

Rule 5A:18 requires a certain degree of specificity. See, e.g., Copeland v. Commonwealth, 42 Va. App. 424, 441, 592 S.E.2d 391, 399 (2004) (holding that appellant could not argue on appeal that he did not intend to distribute cocaine on school property where he argued before the trial court only that no evidence established he was within 1,000 feet of school property). An objection made at trial on one ground does not preserve for appeal a contention on a different ground. Clark v. Commonwealth, 30 Va. App. 406, 411, 517 S.E.2d 260, 262 (1999).

The purpose underlying this rule is to afford the trial court an opportunity to rule intelligently on the arguments presented and to take corrective action if necessary. Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992); Lee, 12 Va. App. at 514, 404 S.E.2d at 737. The purpose and terms of the rule, therefore, are met if the appellant sufficiently apprises the trial court of the basis of his objection. See Chaine v. Commonwealth, 17 Va. App. 179, 183, 436 S.E.2d 187, 189 (1993), aff'd on reh'g en banc, 18 Va. App. 301, 443 S.E.2d 924 (1994).

The prosecutor's use of the term "multiplicious" did not preserve appellant's issue for review.[1] "'Multiplicity . . . is the charging of a single offense in several counts.'" United States v. Stewart, 256 F.3d 231, 247 (4th Cir. 2001) (quoting United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993)). The danger is that a defendant may be given multiple sentences for the same offense. Burns, 990 F.2d at 1438. Black's Law Dictionary defines "multiplicity" as the "improper charging of the same offense in several counts of the indictment or information." Black's Law Dictionary 1041(8th ed. 2004). Multiplicity can also raise double jeopardy issues which require a Blockburger analysis. See, e.g., United States v. Bailey, 112 F.3d 758, 767 (4th Cir. 1997) (Two statutes, although punishing the same transaction, are not multiplicitous where each requires proof of an additional fact which the other does not.).

While multiplicity is broad enough to include an argument that appellant should only have been convicted of one of the two larceny counts, it is also broad enough to include appellant's due process argument or a Blockburger argument. Thus, the argument in the trial court did not raise the particular points now being raised on appeal. The court was never asked to evaluate the fundamental issues essential to a single larceny analysis: location of stolen items,

---

[1] We equate the prosecutor's use of the term "multiplicious" with the more common "multiplicitous."

lapse of time between their taking, general and specific intent of the thief, number of owners, and whether intervening acts occurred between the taking.  See Richardson v. Commonwealth, 25 Va. App. 491, 497, 489 S.E.2d 697, 700 (1997).  Further, the record contains no mention of a "single impulse," "general fraudulent scheme," nor any of the other considerations of the single larceny doctrine set out by this Court in Richardson.  Id. at 496, 489 S.E.2d at 700.  In the context of appellant's argument below, the "multiplicious" language advanced by the Commonwealth would not alert the trial court of appellant's position.  It is not specific enough to put the trial court on notice of appellant's "single larceny doctrine" argument he now makes on appeal.  We conclude that neither appellant's "due process" and "fairness" argument below, nor the Commonwealth's comments on "multiplicious," were sufficient to alert the trial court to a "single larceny doctrine" argument.

Accordingly, we affirm.

Affirmed.