UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Huff
Argued at Salem, Virginia

KENNETH JOSEPH GIBSON

MEMORANDUM OPINION[*] BY
v.      Record No. 1674-12-3          JUDGE GLEN A. HUFF
                                      MARCH 4, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Stacey W. Moreau, Judge

M. Lee Smallwood, II, Senior Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Lauren C. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Kenneth Joseph Gibson ("appellant") appeals his convictions of three counts of grand

larceny, in violation of Code § 18.2-95. Following a bench trial in the Circuit Court of the City

of Danville ("trial court"), appellant was sentenced to fifteen years' incarceration with thirteen

years suspended. On appeal, appellant contends that the trial court erred by convicting him of

three distinct counts of grand larceny when the single larceny doctrine should have been applied,

resulting in only a single conviction of grand larceny. For the following reasons, this Court

affirms the judgment of the trial court.

I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted). So viewed, the evidence is as follows.

On July 26, 2011, appellant and Rasheema Bivens ("Bivens") patronized a fast-food restaurant where they sat at a table directly behind Tiffany Adkins ("Adkins"). A surveillance camera recorded Bivens reaching into Adkins's purse and removing her wallet. Appellant and Bivens then left the restaurant and went to a Walgreens located across the street, where they again were captured by a surveillance camera. Accompanied by appellant, Bivens attempted to use Adkins's credit card to purchase over five hundred dollars in merchandise, but the credit card was declined. Brenda Metz ("Metz") was in line behind appellant and Bivens at the time the credit card was declined and moved to another register while the matter was sorted out.

After completing her purchase, Metz exited the Walgreens and walked to her vehicle in the parking lot. After placing her purchased items and purse in her car, she left it with the door open to speak to acquaintances who were parked nearby. After Metz drove home, however, she realized her purse, which contained her mother's Belk credit card, was missing. She immediately notified her credit card companies, but forgot to notify Belk.

Later that day, appellant and Bivens traveled to a Belk store in North Carolina where they used the Belk credit card that belonged to Metz's mother. Afterwards, they traveled to a Belk store in Danville, Virginia, where they used the Belk credit card to purchase items from three locations within the store. First, Bivens purchased merchandise from the handbag department in

the amount of $682.86 at 7:55 p.m. Second, Bivens purchased merchandise at a cash register at the front of the men's department in the amount of $863.87 at 8:15 p.m. Lastly, Bivens purchased merchandise at a cash register in the back of the men's department in the amount of $612.98 at 8:25 p.m. Surveillance footage showed appellant accompanying Bivens in the handbag department at the time of the first transaction. The other two transactions were not taped, but surveillance footage showed appellant testing men's cologne shortly after the first transaction, and men's cologne was one of the items purchased in the second transaction.

At the conclusion of the Commonwealth's evidence, appellant moved to strike the evidence as to two of the grand larceny charges, arguing that the single larceny doctrine should be applied. The trial court denied the motion, noting that each transaction was a distinct larceny. At the conclusion of appellant's evidence, the trial court denied appellant's renewed motion to strike, finding that because there were three separate transactions at three different departments within the store, the single larceny doctrine did not apply. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred by convicting him on three counts of grand larceny. Specifically, appellant argues the single larceny doctrine should have applied, resulting in a single conviction for grand larceny. The Commonwealth responds by arguing that the record contains credible evidence to support the trial court's determination that the single larceny doctrine is not applicable to the present case.

"The overriding principle behind the single larceny doctrine is to prevent the state from aggregating multiple criminal penalties for a single criminal act." Richardson v. Commonwealth, 25 Va. App. 491, 496, 489 S.E.2d 697, 700 (1997) (*en banc*). Indeed, "unless the evidence proves that two or more separate and discrete thefts occurred at separate times

- 3 -

which were not part of the same larcenous impulse, then thefts from the same room are but a single larceny." Id. at 497, 489 S.E.2d at 700. In Acey v. Commonwealth, 29 Va. App. 240, 247, 511 S.E.2d 429, 432 (1999), this Court recognized factors that may apply when considering the applicability of the single larceny doctrine:

> A series of larcenous acts will be considered a single count of larceny if they "are done pursuant to a single impulse and in execution of a general fraudulent scheme." West v. Commonwealth, 125 Va. 747, 754, 99 S.E. 654, 656 (1919). We must consider the following factors when deciding whether the single larceny doctrine applies: (1) the location of the items taken, (2) the lapse of time between the takings, (3) the general and specific intent of the taker, (4) the number of owners of the items taken and (5) whether intervening events occurred between the takings. See Richardson v. Commonwealth, 25 Va. App. 491, 497, 489 S.E.2d 697, 700 (1997) (*en banc*).

Application of the doctrine, however, "becomes problematic when applied to the infinite variety of circumstances that can arise." Sagastume v. Commonwealth, 27 Va. App. 466, 471, 499 S.E.2d 586, 589 (1998). Indeed, "[t]here is no litmus test that will determine whether a defendant's conduct constitutes a single crime or multiple crimes." Richardson, 25 Va. App. at 496, 489 S.E.2d at 700. "The primary factor to be considered," however, "is the *intent* of the thief and the question to be asked is whether the thefts, although occurring successively within a brief time frame, were part of one impulse." Id. at 497, 489 S.E.2d at 700 (emphasis added).

As the applicability of the single larceny doctrine turns on the particular facts of each case, and primarily the intent of the thief, this Court "will affirm the trial court's determination unless plainly wrong or unless the record lacks any evidence to support that determination." Bragg v. Commonwealth, 42 Va. App. 607, 612, 593 S.E.2d 558, 560 (2004). Thus, in the present case, "our inquiry is whether the evidence supports the fact finder's determination that the acts were individual impulses and not committed under a 'single impulse and in execution of

a general fraudulent scheme.'" Richardson, 25 Va. App. at 496, 489 S.E.2d at 700 (quoting West, 125 Va. at 754, 99 S.E. at 656).

In the present case, appellant and Bivens used the Belk credit card to complete three transactions, each separated by ten to twenty minutes, at three different locations within the Belk department store. Between each transaction, appellant and Bivens carried away their purchased items and walked through the store to a different cash register before making a new transaction. Furthermore, after the initial transaction in the handbag department, video surveillance footage showed appellant testing men's cologne, which was subsequently purchased in the second transaction.

From this evidence, "the [trial court] could reasonably have concluded that, despite any 'general scheme' on the part of appellant, 'each [theft] was a separate and discrete offense and was not part of the same impulse or continuous larcenous act at the same location.'" Sagastume, 27 Va. App. at 472, 499 S.E.2d at 589 (quoting Richardson, 25 Va. App. at 498, 489 S.E.2d at 701). Appellant's actions indicate that he and Bivens roamed throughout the department store after each transaction, testing and shopping for new items of merchandise before purchasing them. Under these circumstances, it is reasonable to infer that appellant "acted pursuant to a new impulse to unlawfully take [each] additional piece of [merchandise] he encountered." Richardson v. Commonwealth, 23 Va. App. 668, 675, 479 S.E.2d 87, 90 (1996), rev'd in part on other grounds upon rehearing en banc, 25 Va. App. 491, 489 S.E.2d 697 (1997); see also West, 125 Va. at 754, 99 S.E. at 656 ("the taking of property at different times, though from the same place and from the same owner, will constitute separate offenses"). Accordingly, credible

evidence exists to support the trial court's determination that the single larceny doctrine is not applicable.[1]

### III.  CONCLUSION

The trial court's finding that appellant committed three separate and distinct larcenies as a principal in the second degree was not plainly wrong or without evidence to support it. Therefore, this Court affirms the judgment of the trial court.

<u>Affirmed.</u>

---

[1] Appellant alternatively argues that because he was convicted as a principal in the second degree, his actions should qualify for application of the single larceny doctrine even if Bivens's actions as the principal would not.  This argument, however, is not properly before this Court because appellant failed to make this argument before the trial court.  Consequently, it is barred by Rule 5A:18 as the trial court never had the opportunity to intelligently rule on this issue.  Furthermore, appellant does not argue that this Court should invoke either the good cause or ends of justice exceptions to Rule 5A:18, and this Court will not consider Rule 5A:18 exceptions *sua sponte*.  <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).  Nevertheless, appellant's argument is meritless.  Code § 18.2-18 provides that principals in the second degree "may be indicted, tried, convicted and punished in all respects as if a principal in the first degree . . . ."  Consequently, appellant's argument fails.