COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


JENNIFER MILLARD
                                              OPINION BY
v.    Record No. 2287-99-3        JUDGE ROBERT J. HUMPHREYS
                                           DECEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                 Donald A. McGlothlin, Jr., Judge

         Kevin D. Tiller (Tiller & Tiller, P.C., on
         brief), for appellant.

         Kathleen B. Martin, Assistant Attorney
         General (Mark L. Earley, Attorney General,
         on brief), for appellee.


     Jennifer Millard appeals her conviction, after a jury

trial, on three separate charges of obtaining money by false

pretenses.  Millard contends the trial court erred in denying

her motion to strike and her motion to set aside the verdicts

because the evidence was insufficient to support the three

separate charges.[1]

                       I.  Background

     In the fall of 1998, Craig Funk contacted his employer, the

Appalachian Agency for Senior Citizens ("AASC"), and informed them

that he had not received three reimbursement checks for his

---

[1] Millard was also convicted on three counts of uttering a
forged instrument.  However, these convictions are not raised as
issues on this appeal.

services as a driver for AASC.  AASC replied that the checks had been processed and mailed to him.  The checks were dated September 11, 1998, October 16, 1998 and October 23, 1998, respectively, and made payable to Funk.

On November 5, 1998, Millard, who had been employed with AASC during September and October of 1998, presented the three checks to First Virginia Bank for cash.  Funk's name was endorsed on the back of each check.  In addition, an endorsement for "Jennifer Funk" appeared below Funk's endorsement on each check.  Millard represented herself to the bank teller as "Jennifer Funk."  The teller cashed the checks and gave Millard "one lump sum," in cash, which equaled the total amount of the three checks.

On May 10, 1999, Millard was indicted on three counts of obtaining money by false pretenses.  The indictments did not list the owner of the money taken, and the date of the offense was shown as "on or about November 5, 1998" on each indictment.

At the close of the Commonwealth's case, Millard made a motion to strike, arguing that two of the charges of obtaining money by false pretenses should be dismissed.  Millard contended that because she presented the three checks "at the same time and that . . . [the] money was returned at one time . . . this [was] one transaction."  The court denied the motion, stating:

> Granted the, the teller counted all the cash
> up and gave it to the person she identified
> as Ms. Millard at one time.  But, there were
> three distinct presentations and three
> distinct representations made to the bank

-

teller. So I think that that would support
the Commonwealth's breaking these out, so to
speak, into, into three different crimes.

Millard renewed the motion at the close of the evidence, and that

motion was also denied.

After conviction, Millard submitted a motion to set aside the

verdict. Millard again argued that because the three checks were

presented at the same time and the money was returned at the same

time, the act amounted to one continuous transaction that could be

charged only as one offense. The court denied Millard's motion,

finding:

> There were three separate acts that she
> committed in order to get monies. And, she
> had to have done, she had to have made a
> false representation or a, a representation
> of some false fact on each of those
> occasions before she could have received the
> monies that were, that were actually I guess
> represented by the checks that were involved
> . . . . What we have in Ms. Millard's case
> is three separate misrepresentations. And,
> I think that that is the basis upon which
> the Commonwealth may charge and the jury may
> convict on three cases.

## II. Analysis

Code § 18.2-178 provides:

> If any person obtain, by any false pretense
> or token, from any person, with intent to
> defraud, money or other property which may
> be the subject of larceny, he shall be
> deemed guilty of larceny thereof; or if he
> obtain, by any false pretense or token, with
> such intent, the signature of any person to
> a writing, the false making whereof would be
> forgery, he shall be guilty of a Class 4
> felony.

-

Thus, by statute, the obtaining of money by false pretenses is larceny.  See Hudson v. Commonwealth, 223 Va. 596, 597 n.2, 292 S.E.2d 317, 318 n.2 (1982).  "To sustain a conviction of larceny by false pretenses, the Commonwealth must prove: (a) that the accused intended to defraud; (b) that a fraud actually occurred; (c) that the accused used false pretenses to perpetrate the fraud; and (d) that the false pretenses induced the owner to part with his property."  Wynne v. Commonwealth, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994).

> Whether the larceny of multiple items at or about the same time from the same general location constitutes a single larceny or multiple offenses is an issue that most courts have addressed early in the development of their criminal jurisprudence. The concept is commonly referred to as the "single larceny doctrine."  The principles are easily stated and understood, but application of the doctrine becomes problematic when applied to the infinite variety of circumstances that can arise.

Richardson v. Commonwealth, 25 Va. App. 491, 495, 489 S.E.2d 697, 699 (1997) (citations omitted).  "The overriding principle behind the single larceny doctrine is to prevent the state from aggregating multiple criminal penalties for a single criminal act."  Id. at 496, 489 S.E.2d at 700.

While we have not previously considered whether the "single larceny doctrine" applies to the particular statute at issue here, we have previously applied this doctrine to other statutory larceny offenses set forth in Chapter 18.2.  See Acey v.

-

*Commonwealth*, 29 Va. App. 240, 247, 511 S.E.2d 429, 432 (1999) (holding that the single larceny doctrine may be applied to larceny of a firearm pursuant to Code § 18.2-108.1(1)). As in Acey, we find no manifest intent by the legislature in Code § 18.2-178 to abrogate common law larceny. In fact, "[t]he definition of larceny remains unaffected, as it is in other provisions of Chapter 18.2 addressing larceny." Id. at 248, 511 S.E.2d at 432-33. Thus, we find no reason why the doctrine should not also apply to Code § 18.2-178.

In Acey, we explained the application of the "single larceny doctrine" as follows:

> A series of larcenous acts will be considered a single count of larceny if they "are done pursuant to a single impulse and in execution of a general fraudulent scheme." We must consider the following factors when deciding whether the single larceny doctrine applies: (1) the location of the items taken, (2) the lapse of time between the takings, (3) the general and specific intent of the taker, (4) the number of owners of the items taken and (5) whether intervening events occurred between the takings. "The primary factor to be considered is the intent of the thief . . . ."

Id. at 247, 511 S.E.2d at 432 (citations omitted). Nevertheless, multiple unlawful takings constitute separate larcenies if the thief acted upon a separate intent or impulse for each theft. See Richardson, 25 Va. App. at 497-98, 489 S.E.2d at 700-01.

-

Here, the Commonwealth chose to indict Millard for her acts of November 5, 1998. Specifically, the theory of the case advanced by the Commonwealth and presented to the fact finder in the form of jury instructions was that three larcenies occurred when appellant presented the checks to First Virginia Bank with forged endorsements, while representing herself to be Jennifer Funk, thereby causing the bank to part with possession of the money at issue. There is no dispute that the evidence proved Millard presented the three checks in one transaction and that during that same transaction, the teller gave her cash equaling the total of the face amount of the three checks.

Based on the record as it appears before us, we find no evidence from which the trial court could infer that Millard's actions on November 5, 1998 were not "done pursuant to a single impulse and in execution of a general fraudulent scheme." We do not reach Millard's constitutional arguments, because these arguments were not raised before the trial court. See Swann v. Commonwealth, 247 Va. 222, 441 S.E.2d 195 (1994).

Accordingly, we reverse the decision of the trial court and remand the matter with instructions to determine, with the assistance of the Commonwealth, which two of the three convictions and sentences for obtaining money by false pretenses

to set aside, and to set aside such convictions and sentences in conformance with this opinion.

<u>Reversed and remanded</u>.