COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia


MICHAEL BASSEY AKPAN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0906-09-2          JUDGE ROBERT J. HUMPHREYS
                                                          MARCH 2, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Samuel E. Campbell, Judge

Charles R. Watson for appellant.

Josephine F. Whalen, Assistant Attorney General II (William C.
Mims, Attorney General, on brief), for appellee.


        Michael Bassey Akpan ("Akpan") appeals his four convictions for attempting to obtain

money by false pretenses, in violation of Code §§ 18.2-178 and 18.2-26.[1]  On appeal, Akpan

contends that, under the "single larceny doctrine," the evidence adduced at trial was only

sufficient to support a single conviction.  For the following reasons, we agree with Akpan and

reverse. [2]

        "Where the issue is whether the evidence is sufficient, we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Three of Akpan's four convictions were felony convictions.

        [2] As the parties are fully conversant with the record in this case, and because this
memorandum opinion carries no precedential value, we recite only those facts and incidents of
the proceedings as are necessary to the parties' understanding of this appeal.

therefrom." Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995).

So viewed the evidence in the record was as follows.

On January 31, 2008, Akpan and Tiffany Ward ("Ward") deposited a forged check into Ward's account at the Fort Lee Federal Credit Union.[3] Over the next few days, Akpan used Ward's card to withdraw money from her account. By February 7, 2008, Akpan had withdrawn $2,280 from the account. On that day, the credit union discovered that the check was a forgery and, unbeknownst to Akpan, froze Ward's account. Later that same day, Akpan attempted to withdraw money from the credit union's ATM. Initially, Akpan tried to withdraw $400 from the ATM, but the transaction was declined. He then immediately tried to withdraw $300, but again, the transaction was declined. Undeterred, Akpan made two additional attempts to withdraw money from the account, first for $200 and then for $100. Each time, Akpan would insert Ward's card into the ATM, enter her PIN, and attempt to withdraw money. A mere twenty-four seconds elapsed from Akpan's first attempted withdrawal to his last.

Ultimately, Akpan was arrested and admitted that he attempted to withdraw funds from the frozen account on February 7, 2008. The trial court found Akpan guilty of four counts of attempting to obtain money by false pretense, concluding that each attempt to withdraw money from the ATM constituted a separate offense. On appeal, Akpan contends that, under the "single larceny doctrine," the evidence adduced at trial was only sufficient to prove a single offense, not four. We agree.

"'A series of larcenous acts will be considered a single count of larceny if they are done pursuant to a single impulse and in execution of a general fraudulent scheme.'" Millard v. Commonwealth, 34 Va. App. 202, 206, 539 S.E.2d 84, 86 (2000) (quoting Acey v.

---

[3] Akpan was also convicted of two counts of attempting to utter/forge a check; however, those convictions are not at issue in this appeal.

Commonwealth, 29 Va. App. 240, 247, 511 S.E.2d 429, 432 (1999)).  As we have previously noted, "'[t]he overriding principle behind the single larceny doctrine is to prevent the state from aggregating multiple criminal penalties for a single criminal act.'"  Id. (quoting Richardson v. Commonwealth, 25 Va. App. 491, 496, 489 S.E.2d 697, 700 (1997) (*en banc*)).  In order to determine whether the "single larceny doctrine" applies to a particular set of circumstances, we must consider the following factors:  "(1) the location of the items taken, (2) the lapse of time between the takings, (3) the general and specific intent of the taker, (4) the number of owners of the items taken and (5) whether intervening events occurred between the takings."  Id.  However, "'[t]he primary factor to be considered is the intent of the thief . . . .'"  Acey, 29 Va. App. at 247, 511 S.E.2d at 432 (quoting Richardson, 25 Va. App. at 497, 489 S.E.2d at 700).

Applying the above factors to this case, we hold that Akpan's actions constituted a single criminal act.  The evidence in the record demonstrates that Akpan made four, successive attempts to withdraw money from a frozen bank account, through the bank's ATM.  Each time, the ATM declined the transaction.  Virtually no time elapsed between the attempted takings, the bank was the only victim, and there were no intervening events sufficient to "break the continuity of [Akpan's] single and continuing act of thievery."  Richardson, 25 Va. App. at 498, 489 S.E.2d at 701.[4]  Furthermore, it is clear from the record that "the [attempted] thefts were part of the same larcenous impulse" to access the illegally obtained funds through the bank's ATM.  Id. at 497, 489 S.E.2d at 700.  Thus, we hold that, under the "single larceny doctrine," the evidence adduced at trial was sufficient to prove only a single criminal act on the part of Akpan.

---

[4] The Commonwealth argues that the ATM's ejection of Ward's bankcard constituted an intervening event for purposes of the single larceny analysis.  The Commonwealth claims that Akpan "had to form a separate intent" after his initial attempt to withdraw money from the ATM was denied.  We disagree.  In our view, the record demonstrates that Akpan acted "'pursuant to a single impulse and in execution of a general fraudulent scheme.'"  Millard, 34 Va. App. at 206, 539 S.E.2d at 86 (quoting Acey v. Commonwealth, 29 Va. App. 240, 247, 511 S.E.2d 429, 432 (1999)).

As a result, we reverse the trial court and remand this matter to the trial court for it to determine, with the assistance of the Commonwealth, which three of the four convictions for attempting to obtain money by false pretenses to vacate and to re-sentence Akpan accordingly.

<u>Reversed and remanded.</u>