COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Haley
Argued at Chesapeake, Virginia


MATHIAS STEPHON NEWBY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0436-09-1                  JUDGE JAMES W. HALEY, JR.
                                                          MAY 18, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Everett A. Martin, Jr., Judge

        Robert H. Knight, III, Assistant Public Defender (J. Barry
        McCracken, Assistant Public Defender; Office of the Public
        Defender, on brief), for appellant.

        Karen Misbach, Assistant Attorney General II (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


                                I.  INTRODUCTION

        Code § 18.2-89 provides that "[i]f any person break and enter the dwelling house of

another in the nighttime with intent to commit . . . any larceny therein, he shall be guilty of

burglary."  Appealing his conviction for a violation of this statute, Mathias Stephon Newby

argues the evidence was insufficient to prove he intended to commit larceny.  We affirm.

                                II.  BACKGROUND

        At around 3:00 a.m. on May 14, 2007, Jacob Minniger left his apartment to go to work.

As the temperature was cold, he decided to let his truck warm while he smoked a cigarette on the

front porch.  Newby was also on the porch.  Newby lived in an apartment across the hall from

Minniger, and the two shared the porch.  Newby and Minniger briefly conversed, after which

Minniger departed while Newby remained on the porch.

─────────────────────
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Minniger had permitted a friend, Susanna Tran, to spend the night in his apartment, and she remained when he left for work. She awakened to find Newby near where she was sleeping. Tran escorted Newby from the apartment and informed Minniger of the intrusion. No property was missing, no property had been moved, and the door to the apartment was undamaged.

According to Newby, he noticed Minniger's front door was cracked upon re-entering the building. He opened the door and called Minniger's name to see if Minniger was at home. When no one responded, Newby attempted to determine if anyone was in the apartment. Newby testified that when he saw Tran in bed, he initially believed Minniger was in the bed. Instead, Tran awoke and escorted him from the apartment. Newby testified he was in the apartment no more than three minutes.

At the conclusion of a bench trial, the court found Newby guilty of burglary. In considering the evidence, the court found Newby's stated purpose of entering the apartment to determine if Minniger remained there unworthy of belief since Newby had just witnessed Minniger leave. When considering Newby's statement that he called Minniger's name upon entering the apartment, the court found: "I conclude that behavior is the behavior of a person who is trying to make sure that no one else is there, because he already knows the man that lives there is gone." The court determined Newby's testimony revealed "a person who's trying to cover and have a plausible explanation so that, in fact, if someone else is present in an apartment to which you have no right to enter, you hear their voice." The court concluded: "He had seen him going to work and thought he had an opportunity to go in and steal things from his apartment. When he got in there, he looked around and found this woman in the bed, and she woke up, and it was thwarted."

III.  ANALYSIS

Burglary is a specific intent crime, and the Commonwealth must prove such intent beyond a reasonable doubt.  Taylor v. Commonwealth, 207 Va. 326, 332, 150 S.E.2d 135, 140 (1966).   The Commonwealth bore the burden of proving Newby intended to commit larceny at the time he entered the apartment.  Jones v. Commonwealth, 279 Va. 295, 299, 687 S.E.2d 738, 740 (2010).  As long as such intent existed at the time of entry, it makes no difference that a larceny did not actually occur.  Clarke v. Commonwealth, 66 Va. (25 Gratt.) 908, 911 (1874).  In the larceny context, as in others, "[i]ntent may, and often must, be inferred from the facts and circumstances of the case, including the actions of the accused and any statements made by him."  Stanley v. Webber, 260 Va. 90, 96, 531 S.E.2d 311, 315 (2000).  Circumstantial evidence may suffice to prove intent.  Viney v. Commonwealth, 269 Va. 296, 301, 609 S.E.2d 26, 29 (2005).  Thus, since the analysis of intent "turns on the particular facts of a case, we will affirm the trial court's determination unless plainly wrong or unless the record lacks any evidence to support that determination."  Bragg v. Commonwealth, 42 Va. App. 607, 612, 593 S.E.2d 558, 560 (2004) (citation omitted).

The question of whether a defendant possessed the requisite intent normally rests with the finder of fact.  Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).  Our standard of review of its decision is well established.

In reviewing a fact finder's decision, we view "the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence."  Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008).  The issue is simply "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Maxwell v. Commonwealth,

275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  We do not "reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), for appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).

The Court employs this deferential standard of review "not only to the historical facts themselves, but the inferences from those facts as well."  Cooper v. Commonwealth, 54 Va. App. 558, 572, 680 S.E.2d 361, 368 (2009) (internal quotation marks and citation omitted).  "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact."  Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).  Thus, a fact finder may "draw reasonable inferences from basic facts to ultimate facts," Noakes v. Commonwealth, 54 Va. App. 577, 585, 681 S.E.2d 48, 51 (2009) (*en banc*) (internal quotation marks and citation omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (internal quotation marks and citation omitted).

Where the Commonwealth relies on circumstantial evidence to prove a defendant's intent, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."  McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 400 (2009) (internal quotation marks and citation omitted).  Nonetheless, "the reasonable-hypothesis principle is not a discrete rule unto itself."  Haskins, 44 Va. App. at 8, 602 S.E.2d at 405.  "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt."  Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

Furthermore, the question of "[w]hether the hypothesis of innocence is reasonable is itself a 'question of fact,' subject to deferential appellate review." James v. Commonwealth, 53 Va. App. 671, 681, 674 S.E.2d 571, 576 (2009). Thus, consideration of whether a reasonable fact finder could have excluded a hypothesis of innocence as unreasonable is viewed in the light most favorable to the Commonwealth. Hudson, 265 Va. at 514, 578 S.E.2d at 786. The simple fact that a defendant offers an alternative theory does not mean the Commonwealth has failed to prove guilt beyond a reasonable doubt. Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). While the fact finder may not arbitrarily choose a theory incriminating the defendant, Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969), we may hold a fact finder's decision to convict arbitrary only where no reasonable fact finder could reach that conclusion, Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004).

Our Supreme Court inferred an intent to commit larceny in a burglary case in Ridley v. Commonwealth, 219 Va. 834, 252 S.E.2d 313 (1979). There the defendant broke into a furniture store. Id. at 835, 252 S.E.2d at 314. The police found him in a corner of the store without any store property in his possession. Id. at 836, 252 S.E.2d at 314. Furthermore, no evidence showed the defendant had "tampered with or moved" any merchandise. Id. Nonetheless, the Court found these facts sufficient to warrant an inference that the defendant intended to commit larceny. Id. at 837, 252 S.E.2d at 315.

The Court reached a different result in Vincent v. Commonwealth, 276 Va. 648, 668 S.E.2d 137 (2008). The defendant broke into a department store and dispersed merchandise, but no evidence revealed he had stolen any merchandise or cash. Id. at 651, 668 S.E.2d at 139. He stayed in the store only four minutes and was apprehended later in the day. Id. at 650, 668 S.E.2d at 138-39. In holding that "a trier of fact may not reasonably infer the specific intent to commit larceny merely from the absence of evidence showing a different intent," the Court

- 5 -

found no evidence supported a finding that the defendant intended to commit larceny. Id. at 654, 668 S.E.2d at 141.

The Vincent Court took care to distinguish the holding of Ridley. The Court specifically noted:

> [A]lthough the defendant [in Ridley] did not have any of the store's merchandise in his possession when the police apprehended him, he was still inside the furniture store at that point. Furthermore, there was no evidence either as to the length of time the defendant had been in the store or as to his movements or actions while he was in the building before the police found him.

Id. at 653, 668 S.E.2d at 140. In the portion of its opinion explaining its holding as applied to the facts of the case, the Court again found important that unlike "the defendant in Ridley, Vincent was not apprehended while he was in the store but, instead, several hours later after he had exited the store." Id. at 654, 668 S.E.2d at 141.

Based on these principles, we hold the evidence in this case sufficient to support an inference that Newby entered the apartment with intent to commit larceny.

First, the facts of this case fall within the holding of Ridley, as distinguished by Vincent. Newby was still in the apartment when Tran discovered him and escorted him out of the apartment. In Vincent, the fact that the defendant left the store without taking anything tended to rebut an inference he entered to steal. In this case and Ridley, by contrast, the defendant was still on the premises when discovered, meaning that although the defendant had yet to take anything, he could have done so at a later point. Additionally, the evidence concerning Newby's time in the apartment and his movements near that time support an incriminating finding. Newby entered the apartment after witnessing its occupant leave, making it more likely Newby intended to take advantage of the absence. Newby was also discovered in the apartment only a short time after his entry, meaning there may not have been time for him to complete a theft.

Second, the evidence in this case contains an important factor not present in Vincent or Ridley: testimony by the defendant found unworthy of belief by the fact finder. As our Supreme Court has stated, "[a] false or evasive account is a circumstance, similar to flight from a crime scene, that a fact-finder may properly consider as evidence of guilty knowledge." Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004). The trial court found Newby's explanation that he wanted to see if Minniger was home untrue since by Newby's own testimony he had just seen Minniger leave the premises. An acceptable inference is strengthened by Newby's obvious falsehood as to his reason for entry, i.e., to find the person he knew had left. As to Newby's testimony that he called Minniger's name upon entry, the trial court concluded this represented "the behavior of a person who is trying to make sure that no one else is there." The court determined this behavior revealed "a person who's trying to cover and have a plausible explanation so that, in fact, if someone else is present in an apartment to which you have no right to enter, you hear their voice." The trial court could regard Newby's explanation as persuasive evidence of his guilt.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.