COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


DAVID HINOTE, S/K/A
 DAVID TROY HINOTE
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2570-10-2               JUDGE RUDOLPH BUMGARDNER, III
                                                        NOVEMBER 22, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Sam Campbell, Judge

Paul S. Roskin (Vergara and Associates, on briefs), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        David Hinote appeals his convictions of obtaining goods by false pretenses, Code

§ 18.2-178 and § 43-13, and conspiracy to commit a felony, Code § 18.2-22.  The Commonwealth

concedes that the evidence was insufficient to prove an intent to defraud and fails to prove larceny

by false pretenses.  However, it maintains the evidence was sufficient to prove a conspiracy.  We

conclude the evidence was insufficient to prove either charge, and reverse both convictions.

        We examine the evidence in the light most favorable to the Commonwealth, granting to it

all reasonable inferences fairly deducible therefrom.  See Haskins v. Commonwealth, 31

Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).  On June 10, 2009, the defendant on behalf

of his business, Integrity Builders, signed an application for a line of credit with Hopewell

Builders Supply, Inc.  The defendant and Shawn Shackleford were the corporate officers of

Integrity Builders.  The application contained the name, address, telephone number, and social

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

security number of both. Shackleford was the defendant's business partner and oversaw day-to-day operations.

From June until October, 2009, Hopewell Builders Supply delivered building materials to Integrity Builders for use at the Meadow Creek Apartments construction project in Hopewell. Integrity Builders was a subcontractor of Rockwood, Inc., on that project. Invoices for the materials supplied totaled $62,584.52. Integrity Builders did not pay Hopewell Builders Supply for any of the construction materials.

On October 29, 2009, the defendant met with the president of Rockwood and signed an agreement that Rockwood owed Integrity Builders $94,832 for work performed at Meadow Creek. Rockwood agreed to pay a portion of that sum to Integrity Builders in exchange for its release of all liens filed on the Meadow Creek project.

On November 6, 2009, Shackleford signed a "Subcontractor's Waiver of Lien" on behalf of Integrity Builders. The agreement stated that Rockwood would pay Integrity Builders $70,213.50 and that Integrity Builders had paid all workers and materialmen in full. Shackleford testified that when he signed the lien waiver, he believed the amount Integrity Builders owed Hopewell Builders Supply was about $18,000. The defendant likewise testified that subsequent to his meeting with Rockwood he learned that the debt to Hopewell Builders Supply was more than $60,000, not the $18,000 subtotal he had seen on an invoice. Rockwood paid Integrity Builders $70,213.50. Instead of paying Hopewell Builders Supply, Integrity Builders used the money to pay bills and payroll, and to keep the business running.

The Commonwealth concedes that the evidence did not show that the defendant intended to defraud when obtaining building materials from Hopewell Builders Supply. Such intent is an

element of the crime of larceny by false pretenses.[1]  At trial, the Commonwealth maintained that

Code § 43-13 created an inference of the intent to defraud because Shackleford signed the lien

waiver but did not use the funds received to pay Hopewell Builders Supply.[2]  To prove larceny

by false pretenses, the intent to defraud had to exist when the property was obtained.  That could

not happen based on the inference upon which the Commonwealth relied.  There being no other

evidence of fraud, the concession of error is proper,[3] and we reverse the conviction of obtaining

goods by false pretenses.

---

[1] The Commonwealth must prove:  "'(a) that the accused intended to defraud; (b) that a fraud actually occurred; (c) that the accused used false pretenses to perpetrate the fraud; and (d) that the false pretenses induced the owner to part with his property.'"  Millard v. Commonwealth, 34 Va. App. 202, 205-06, 539 S.E.2d 84, 85-86 (2000) (quoting Wynne v. Commonwealth, 18 Va. App. 459, 460, 445 S.E.2d 160, 161 (1994)).

[2] Code § 43-13 provides:

> Any contractor or subcontractor or any officer, director or employee of such contractor or subcontractor who shall, with intent to defraud, retain or use the funds, or any part thereof, paid by the owner or his agent, the contractor or lender to such contractor or by the owner or his agent, the contractor or lender to a subcontractor under any contract for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold, for any other purpose than to pay persons performing labor upon or furnishing material for such construction, repair, removal or improvement, shall be guilty of larceny in appropriating such funds for any other use while any amount for which the contractor or subcontractor may be liable or become liable under his contract for such labor or materials remains unpaid, and may be prosecuted upon complaint of any person or persons who have not been fully paid any amount due them.
>
> The use by any such contractor or subcontractor or any officer, director or employee of such contractor or subcontractor of any moneys paid under the contract, before paying all amounts due or to become due for labor performed or material furnished for such building or structure, for any other purpose than paying such amounts, shall be prima facie evidence of intent to defraud.

[3] A confession of error "'does not relieve this Court of the performance of the judicial function.  The considered judgment of the law enforcement officers that reversible error has been

- 3 -

The Commonwealth also concedes that the defendant could not have been convicted of a conspiracy to commit larceny by false pretenses. Despite those concessions, the Commonwealth contends the evidence proved the defendant committed a conspiracy to violate Code § 43-13.

A conspiracy is "'an agreement between two or more persons by some concerted action to commit an offense.'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (quoting Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982)). "In Virginia, the crime of conspiracy is complete when the parties agree to commit an offense. No overt act in furtherance of the underlying crime is necessary." Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000) (citation omitted).

It is clear from the wording of the indictments and the record on appeal that the conspiracy charged and prosecuted was a conspiracy to commit the primary offense charged, a conspiracy to obtain materials from Hopewell Builders Supply by false pretenses. On appeal the Commonwealth has changed its position and maintains the conspiracy charged was a conspiracy to violate Code § 43-13. However, such an effort to salvage a conviction does not withstand examination.

Code § 18.2-22 proscribes a conspiracy to commit a felony. Code § 43-13 does not define a felony. It defines a crime, larceny, when a contractor receives payment but does not pay for labor or materials. However, larceny only becomes a felony when the value of the item is alleged and proved to be sufficient to define felony larceny. "Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must

committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed.'" Copeland v. Commonwealth, 52 Va. App. 529, 532 n.3, 664 S.E.2d 528, 530 n.3 (2008) (quoting Young v. United States, 315 U.S. 257, 258-59 (1942)).

prove the value to be the statutory amount." Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).

In addition, if the conspiracy was to violate Code § 43-13, the offense would not have occurred in Hopewell where the charge was brought and tried, but in Richmond where the lien waiver was executed. Further, the victim of the conspiracy would have been Rockwell not Hopewell Builders Supply as alleged. Finally, the evidence does not show any fraudulent agreement between the defendant and Shackleford to violate Code § 43-13. The obvious reason for the anomalies is that the conspiracy alleged and tried was a conspiracy to violate Code § 18.2-178, and not a conspiracy to violate Code § 43-13.

The concession that the evidence of an intent to defraud was insufficient to sustain the conviction of obtaining goods by false pretenses must also be a concession that the evidence was insufficient to prove the conviction of conspiracy to commit a felony. Both require the intent to defraud. Accordingly, we reverse and dismiss the indictment for obtaining goods by false pretenses as well as that for conspiracy.

Reversed and dismissed.