UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Huff and O'Brien
Argued by videoconference

SANTIQUE KANU, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 1729-19-4          JUDGE MARY GRACE O'BRIEN
NOVEMBER 24, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

Elizabeth Jean Lancaster, Deputy Public Defender, for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Santique Kanu, Jr. ("appellant") was convicted in a bench trial of three counts of felony

embezzlement, in violation of Code § 18.2-111.  On appeal, he contends that the court erred "in

convicting [him] of three distinct acts of felony embezzlement, as the evidence presented by the

Commonwealth comprised one continuing fraudulent scheme, and there was no evidence presented

of separate intents or impulses to justify three distinct acts of felony embezzlement."  Finding no

error, we affirm.

BACKGROUND

Appellant worked for a Macy's department store in August and September 2018.  In

September, Keith Clingerman, an asset protection manager for Macy's, discovered "strange cash

shortages" on different registers throughout the store where appellant worked.  Clingerman

investigated and found that numerous transactions on those registers were marked as voided

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"closing transactions" but were performed at a time when the store was not closing. Using a system that tracked employee identification numbers, Clingerman determined that appellant was working at the registers when the irregular closing transactions were performed and the cash shortages occurred. Clingerman also reviewed video surveillance footage that showed appellant opening a cash register and moving in a manner that "caught [Clingerman's] attention."

On September 18, 2018, Clingerman confronted appellant with a list of the cash shortages. Appellant admitted taking money from the registers and signed a written confession. He told Clingerman that he used the money "to pay for school bills." He reiterated his confession to Deputy Peter Pao of the Loudoun County Sheriff's Office. Appellant explained that he would place a large item in front of a register to obscure his actions from the security cameras and perform an "Inquiry 9" closing transaction to open the register without conducting a sale. Once the register was open, he would remove cash. Appellant acknowledged that during a twenty-five-day period beginning August 20, 2018, he took money approximately twenty times from six different registers.[1] He removed cash at different times between 3:00 p.m. and 9:00 p.m., and he took amounts varying from $47.68 to $392.90.

Appellant was indicted for three counts of felony embezzlement: one count covering eight transactions between August 20 and September 5, 2018, totaling $1,146.69; a second count covering seven transactions between September 6 and September 9, totaling $849.13; and a third count covering five transactions between September 10 and September 15, totaling $763.21.[2]

---

[1] Appellant embezzled twice on August 20, twice on August 27, once on August 29, three times on September 5, four times on September 6, once on September 7, twice on September 9, once on September 10, once on September 12, twice on September 14, and once on September 15.

[2] Felony embezzlement is punished the same as grand larceny under Code § 18.2-95. See Code § 18.2-111. At the time of the offenses here, Code § 18.2-95 set the monetary threshold for felony larceny at $500. Appellant was therefore convicted of three counts of felony embezzlement, because each count covered multiple embezzlement transactions totaling $500 or more. Effective

At trial, appellant expanded on his reasons for embezzling the money. He testified,

> I was just going through a really tough time, and I had been taking money from Macy's to pay for my school bills, my school tuition, [to pay] for books, to pay for a graphing calculator. I had to pay, like, parking tickets that I had gotten at the [Northern Virginia Community College] Loudoun campus.

At the conclusion of the case, appellant moved to strike two of the three felony embezzlement charges. He argued that his actions were the result of a "single intent" to steal and did not constitute three separate crimes. The court denied the motion and convicted appellant of three counts of felony embezzlement.

## ANALYSIS

Appellant challenges the sufficiency of the evidence to prove three separate counts of felony embezzlement. "When considering a challenge that the evidence presented at trial is insufficient, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Brown v. Commonwealth, 56 Va. App. 178, 184-85 (2010) (quoting Baylor v. Commonwealth, 55 Va. App. 82, 86 (2009)); see Code § 8.01-680. In doing so, "[w]e do not 'substitute our judgment for that of the trier of fact.'" Brown, 56 Va. App. at 185 (quoting Baylor, 55 Va. App. at 86). Rather, "the relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Further, we view the evidence in the light most favorable to the Commonwealth, the prevailing party below. See Huguely v. Commonwealth, 63 Va. App. 92, 110 (2014).

"When an issue of statutory construction is involved, the '[s]tatutory interpretation presents a pure question of law and is accordingly subject to *de novo* review[.]'" Meeks v. Commonwealth,

July 1, 2020, the monetary threshold for grand larceny increased to $1,000. See 2020 Va. Acts ch. 401.

274 Va. 798, 802 (2007) (first alteration in original) (quoting Washington v. Commonwealth, 272 Va. 449, 455 (2006)). "[W]hen the language of a statute is clear and unambiguous, a court will give the statute its plain meaning." Hines v. Commonwealth, 39 Va. App. 752, 757 (2003).

Here, appellant was convicted of three counts of felony embezzlement in violation of Code § 18.2-111. Count one encompassed eight distinct acts of embezzlement; count two contained seven; and count three contained five. Each felony count was structured pursuant to Code § 19.2-223, which allows the Commonwealth to combine distinct acts of embezzlement that occur over a six-month time period into one felony charge. That statute, specific to embezzlement offenses, provides as follows:

> In a prosecution against a person accused of embezzling or fraudulently converting to his own use . . . money, . . . it shall be lawful in the same indictment or accusation to charge and thereon to proceed against the accused for any number of distinct acts of such embezzlements or fraudulent conversions which may have been committed by him within six months from the first to the last of the acts charged in the indictment . . . .

Code § 19.2-223.

Appellant first contends that although he embezzled from Macy's twenty separate times, the Commonwealth's evidence proved that he embezzled as a result of a single, continuing impulse to steal, and therefore he could only be convicted of one count of embezzlement, not three. In support of his argument, he relies on the single larceny doctrine.

The single larceny doctrine is the rule that

> a series of larcenous acts, regardless of the amount and value of the separate parcels or articles taken, and regardless of the time occupied in the performance, may and will constitute, in contemplation of law, a single larceny, provided the several acts are done pursuant to a single impulse and in execution of a general fraudulent scheme.

West v. Commonwealth, 125 Va. 747, 754 (1919); see Acey v. Commonwealth, 29 Va. App. 240, 247 (1999) (listing factors to consider when applying the single larceny doctrine). Therefore, under

certain limited circumstances, a defendant will be convicted of only one count of larceny although he or she committed multiple acts of theft. See, e.g., Richardson v. Commonwealth, 25 Va. App. 491, 498-99 (1997) (holding that the nearly simultaneous theft of two purses from the same location belonging to different victims constituted one larceny offense); Millard v. Commonwealth, 34 Va. App. 202, 207 (2000) (holding that three forged checks presented to a bank teller at the same time constituted one offense of obtaining money by false pretenses).

No Virginia appellate court has explicitly held that the single larceny doctrine applies to the crime of embezzlement. See Moore v. Commonwealth, 59 Va. App. 795, 806 (2012); see also Hines, 39 Va. App. at 755 (stating that "the 'single larceny doctrine[]' . . . has no applicability to non-larceny cases"). Appellant asks this Court to expand application of the doctrine to embezzlement.

We addressed the single larceny doctrine in the context of embezzlement in Bragg v. Commonwealth, 42 Va. App. 607 (2004). In Bragg, the defendant was convicted of five counts of embezzlement for writing approximately 142 checks "outside the scope of [his] authority and to his benefit" over twenty-five months. 42 Va. App. at 609, 613. He used the embezzled money for various purposes, including to pay bills and purchase gifts for friends. Id. at 609-10. The defendant argued that he should have been convicted of only one count of embezzlement under the single larceny doctrine because he wrote all 142 checks under a "single impulse" to steal. Id. at 611. We disagreed, concluding that the evidence was sufficient to establish that the defendant embezzled under a "series" of individual impulses to steal rather than under a single general impulse, because he took money for different purposes at sporadic intervals over a lengthy period of time. Id. at 613-14. Further, we held that Code § 19.2-223 "does not create any presumption that embezzlement is a continuing crime." Id. at 615. Finding sufficient evidence of a series of impulses, we found it unnecessary to reach the question of whether the single larceny doctrine

applied to the crime of embezzlement, id. at 611 n.3,[3] and we affirmed the defendant's five convictions, id. at 616.

The narrow question before us is analogous to the issue in Bragg: whether the evidence supports the court's finding that appellant had a separate and distinct intent to embezzle each time he took money from a cash register. Cf. id. at 612-13. Once the Commonwealth proves that a defendant embezzled pursuant to a series of individual impulses, it may combine those distinct acts of misdemeanor embezzlement committed within a six-month time period into one felony indictment. Code § 19.2-223. Therefore, if the evidence was sufficient to prove that appellant had a separate impulse to steal each time he took money, we do not need to address whether the single larceny doctrine should be expanded to cover embezzlement charges.

Proving intent by direct evidence is often impossible. Servis v. Commonwealth, 6 Va. App. 507, 524 (1988). Intent is often established by circumstantial evidence of a defendant's conduct and statements. Campbell v. Commonwealth, 12 Va. App. 476, 483-84 (1991) (*en banc*). Viewing the evidence in the light most favorable to the Commonwealth, as we must because the Commonwealth is the prevailing party below, we conclude that the evidence was sufficient to show that appellant embezzled money as a result of a series of individual impulses to steal rather than according to a single general impulse. He embezzled twenty times at sporadic intervals from six different cash registers over a twenty-five-day period, taking amounts ranging from $47.68 to $392.90. He

---

[3] The footnote reads in pertinent part as follows:

> We do not address nor do we decide whether embezzlement is an offense subject to a single larceny doctrine analysis. . . . The trial court found the acts of embezzlement were numerous "individual impulses." . . . [W]e will not consider whether Virginia law should allow the doctrine to apply to charges of embezzlement.

Bragg, 42 Va. App. at 611 n.3.

testified that he took the money to pay for school tuition, books, a graphing calculator, and parking tickets. A reasonable factfinder could infer from this evidence that appellant formed a distinct impulse to embezzle each time he took money from the cash registers.

Appellant next contends that the Commonwealth failed to prove that he had three distinct impulses to embezzle — that is, one impulse for each felony charge. However, the Commonwealth was not required to prove that appellant acted with a distinct impulse to steal for each count of embezzlement charged. See Bragg, 42 Va. App. at 612, 615. Rather, when reviewing the sufficiency of the evidence to support three convictions for felony embezzlement, the focus is on whether appellant had a separate impulse to steal each time he took money. Here, the evidence was sufficient to establish that appellant embezzled according to a series of individual impulses. The Commonwealth could have charged appellant with twenty individual acts of embezzlement, but instead it permissibly aggregated those individual acts into three counts of felony embezzlement, each occurring within a six-month time frame. See Code § 19.2-223.

For these reasons, we affirm appellant's convictions.

Affirmed.